FARMERS AND MERCHANTS NATIONAL BANK OF WACO ET AL. V.
SALLIE A. BELL, EXECUTRIX, ET AL.

Decided December 10, 1902.

Independent Executor—Judgment—Execution Sale—Insolvent Estate—Injunction.

An independent executor holds the estate for the benefit of all the creditors entitled to payment therefrom, and, where the estate is insolvent, a creditor, by obtaining judgment against the executor and filing abstract, obtains no lien or preference over the others, and may be enjoined from making a sale under execution which would leave the estate insufficient to satisfy them.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Bell and another sued the bank and others to enjoin an execution sale and obtained judgment perpetuating their injunction, from which defendants appealed.

*Davis & Cocke* and *S. E. Stratton,* for appellants.

*D. O. Kelley,* for appellees.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit are fairly stated in appellants' brief as follows:

"This was a suit for injunction instituted June 27, 1901, by appellees Sallie A. Bell, independent executrix of the last will and testament of ·J. D. Bell, deceased, and one E. H. Shimer, alleging himself to be a creditor of said estate, against John W. Baker, sheriff of McLennan County, and appellants, Farmers and Merchants National Bank and J. Walter Cocke, praying that said sheriff and these appellants be restrained from proceeding to sell under execution certain real estate, belonging to the estate of J. D. Bell, deceased, levied upon while in hands of said independent executrix, and advertised for sale by virtue of executions issued upon judgments in favor of Farmers and Merchants National Bank and J. Walter Cocke against said Sallie A. Bell, as independent executrix, and others, which judgments had been obtained against her while acting as such independent executrix. Plaintiffs alleged that the estate of J. D. Bell was hopelessly insolvent, and that if said execution sales were permitted to be consummated that defendants (appellants) would reap an unconscionable and illegal advantage over other creditors of the same class. Attached to the petition was an exhibit setting forth assets valued at $97,660, and liabilities amounting to $166,357.50. Plaintiffs also alleged that the property levied upon by the defendants was about the only unincumbered property belonging to the estate, and that there were claims for expenses superior in rank to claims of defendants.

"Defendants answered, fully setting forth the securing of their respective judgments against Sallie A. Bell, independent executrix of

estate of J. D. Bell, deceased, and others, said judgments awarding execution against the estate of J. D. Bell in hands of said executrix, also alleging filing of abstracts of their judgments and levy upon certain property and advertising same for sale, and claimed a lien was fixed thereby. They also set forth facts showing that there was sufficient property belonging to the estate, besides that levied on, to discharge all preferred claims, and prayed that injunction be dissolved, or in alternative, that their debts be established and held to be a lien on real estate levied upon, and for general and special relief, etc.

"The court granted a temporary injunction June 27, 1901, as prayed for, and thereafter, while said cause was awaiting trial, D. A. Kelley, by leave of the court made himself a party plaintiff herein as administrator with will annexed of the estate of J. D. Bell, deceased, the original plaintiff, Sallie A. Bell, independent executrix of the estate of J. D. Bell, deceased, having since the institution of this suit resigned as such executrix, and upon her application said D. A. Kelley having been appointed and qualified as administrator thereof in her place.

"Thereafter, on March 22, 1902, the cause was tried by the court without a jury, and judgment was rendered perpetuating the temporary injunction theretofore granted, restraining the sheriff and defendants (appellants herein) from selling under execution the land levied on. The court further adjudged that said appellants acquired no lien upon the property of the estate of J. D. Bell, deceased, by virtue of registering their judgments and by levy of execution upon the property of said estate, and further adjudged all costs of suit against defendants."

The defendants have appealed, and present the case in this court on several assignments of error, but our decision of the one fundamental question in favor of appellees is conclusive of the appeal.

The first proposition of law asserted by counsel for appellants is this:

"When a judgment is recovered against an independent executrix, administering an estate, under a will free from the control of the county court, such as Sallie A. Bell was, execution runs against the estate of the testator in the hands of such executrix, that may be subject to such debt, without regard to the condition of such estate, and such property may be seized and sold as in ordinary cases, as appellants were proceeding to have done in this case."

In support of this proposition, they rely upon arts. 1995 and 1996 of the Rev. Stats., the first of which authorize a testator to provide in his will that no other action shall be had in the probate court in relation to the settlement of his estate than the probating and recording of his will and the return of an inventory, appraisement and list of claims of his estate; and when that has been done, article 1996 authorizes any creditor of the estate to sue the executor, obtain judgment and have execution issue "to run against the estate of the testator in the hands of the executor, that may be subject to such debt;" with the further provision that such an executor shall not be required to answer in such

suit until the expiration of twelve months from the date of the probate of the will.

Counsel for appellees denies the correctness of appellants' proposition of law, when, as in this case, the estate is insolvent; his contention being that an independent executor holds the property of the estate in trust for the benefit of all the creditors, and that those who have not secured preferences by lien, prior to the death of the testator, can not secure the same thereafter; and we have reached the conclusion that this contention is correct.

Art. 1869 of the Rev. Stats. reads as follows: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathd, shall vest immediately in his heirs at law; but all of such estate, whether devised or bequeathed or not, except such as may be exempted by law from the payment of debts, shall still be liable and subject in their hands to the payment of the debts of such testator or intestate; and whenever a person dies intestate all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and it shall be the duty of such executor or administrator to recover possession of and hold such estate in trust to be disposed of in accordance with law."

In the well considered case of Roy v. Whitaker, 92 Texas, 346, it was held that, except in those articles which relate to acts to be done in the settlement of an estate, the term "excutors," as used in our statutes; includes independent as well as other executors. Hence it must be held that when the property here involved passed into the hands of the executrix she received it in trust for the benefit of creditors and devisees; and as the estate was insolvent, could one creditor, by force of article 1996, defeat the rights of other beneficiaries in the trust by having the entire property sold under execution and applied to the payment of his debt?

We think this question must be answered in the negative. The right of a creditor under article 1996 to have property, which by article 1869 is declared a trust fund, subjected to the payment of his debt to the exclusion of other creditors, is inconsistent with and subversive of the rights of other beneficiaries in the trust. And when the estate is insolvent, we hold that article 1996 must yield, and the judgment creditor be denied the right to sell the property under execution and apply it to his own debt to the exclusion of other creditors.

It is provided by statute that upon the dissolution of a private corporation, the president, directors, or managers shall be trustees of the creditors and stockholders of such corporation; and it was decided in

Lyons-Thomas Hardware Co. v. Perry Stove Manufacturing Co., 86 Texas, 143, that the property of such corporation, or of an insolvent corporation that had ceased to do business, was a trust fund for the benefit of stockholders and creditors; and that the corporation had no power to give preference to creditors. And in the later case of Orr & Lindsey Shoe Co. v. Thompson, 89 Texas, 501, it was held that a creditor can not by garnishment or attachment subject the assets of an insolvent corporation to his own claim to the exclusion of other creditors. In the course of the opinion, Mr. Justice Brown, speaking for the court, said:

"The rights of all creditors in the fund are by law fixed, so soon as the conditions arise out of which the trust relation springs. After the trust attaches, neither the corporation nor the trustees can by any act of theirs affect the rights of the creditors; and we think that it necessarily follows that no creditor can, by any act of diligence on his part, accomplish that which neither the corporation nor trustees could do by agreement with him. In such case, the trust attaches in favor of creditors without acceptance by them. If one could secure an advantage by garnishment or attachment over other creditors, the equality of right created by law would be destroyed. Indeed, it would be a remarkable proposition to say that one by legal process may appropriate to himself that which belongs equally to him and to others."

We think the doctrine announced and applied in that case is equally applicable to this. Statutory provisions authorize the issuance of writs of execution, garnishment and attachment against corporations, but when, by reason of insolvency, the property belonging to a particular corporation has become a trust fund, then, as held in the case cited, the provisions of the statutes which authorize the issuance of such process do not apply. And so in this case, and for the same reason, the statute authorizing such process does not apply. It is true, as pointed out by counsel for appellants, that other articles of the statute provide means by which creditors may protect themselves by compelling devisees and heirs, and under certain circumstances, independent executors, to give bond or accept the alternative of a regular administration in the probate court. But the failure of creditors to resort to those remedies does not relieve the property from the trust impressed upon it by article 1869. Todd v. Willis, 66 Texas, 707; Callaghan v. Grenet, 66 Texas, 238; Dwyer v. Kalteyer, 68 Texas, 556; Roy v. Whitaker, 92 Texas, 346; Swearington v. Williams, 67 S. W. Rep., 1061, 28 Texas Civ. App., 559.

Our conclusion is that this suit was properly brought by Mrs. Bell, independent executrix, and thereafter properly prosecuted by her successor, the administrator de bonis non; and the insolvency of the estate being established by testimony, the court below rendered the proper judgment, and that judgment will be affirmed.

*Affirmed.*

Writ of error refused.