ESTATE OF J. D. BELL, DECEASED, v. FARMERS AND MERCHANTS
NATIONAL BANK.

### Decided November 4, 1903.

**Estates of Decedents—Independent Executor—Presentation and Classification of Claims.**

The holder of a claim against an estate, secured by lien, sued and obtained judgment against an independent executrix, but was enjoined by her from selling other than the incumbered property under his judgment. Pending this suit the executrix resigned and an administrator was appointed, who made himself a party to the suit. Held, that the statute postponing claims not presented to the administrator within one year from his appointment did not apply to this, so put in judgment against the executrix, and though presented to the administrator after the year expired he could not classify it as a fifth class claim postponed to those presented within the year.

Appeal from the District Court of McLennan County.   Tried below before Hon. Marshall Surratt.

The administrator of Bell's estate appealed from a judgment of the District Court, rendered on appeal from the county court in probate.

*D. A. Kelley,* for appellant.

*Davis & Cocke,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—The question involved in this appeal is the classification of a claim held by appellee against the estate of J. D. Bell, and arises out of the following facts:

The Farmers and Merchants National Bank, appellee, brought suit in the District Court of McLennan County, October 5, 1899, against J. D. Bell and others on a note and to foreclose a lien on certain lots in the Farwell Heights addition to the city of Waco. After being served with process in said suit, the defendant J. D. Bell, died December 4, 1900; leaving a will naming his wife, Sallie A. Bell, independent executrix, without bond.

The will was probated, and on February 25, 1901, Sallie A. Bell qualified as executrix, and in April, 1901, appeared as a defendant in said suit.   On May 16, 1901, judgment was rendered against all the defendants, including said executrix, for $3061.61, with interest.   The judgment foreclosed the lien on the Farwell Heights property, directed the issuance of an order of sale, and provided for the levy upon other property, if the proceeds of said property should be insufficient to satisfy the judgment.   An abstract of this judgment was immediately filed in the county clerk's office of McLennan County, and on June 6, 1901, an order of sale was issued under said judgment, and levied June 8th upon the Farwell Heights property and also upon a one-half interest in a storehouse and lot at the north corner of the public square of Waco, belonging to said J. D. Bell's estate, but not included in said mortgage.

Thereupon Mrs. Sallie A. Bell, as independent executrix, filed her

petition in the District Court of McLennan County, alleging the insolvency of said estate and seeking to restrain the sale of said property at the north corner of the public square.

In this suit appellee, Farmers and Merchants National Bank, contended that by the filing of their abstract of said judgment, they had obtained a lien upon said property of said estate, not included in their deed of trust.

Pending this suit on November 12, 1901, Sallie A. Bell resigned as independent executrix and D. A. Kelley was appointed administrator with the will annexed, and duly qualified as such, and made himself party to said injunction suit. When Mrs. Bell resigned, she filed a final report giving a list of claims against the estate, including the claim of appellee, as evidenced by judgment, giving its amount, date, etc.

The District Court perpetuated the injunction restraining the sale of said property. This judgment was affirmed by this court (71 S. W. Rep., 570), and became final upon a refusal of a writ of error by the Supreme Court, February 19, 1903.

On February 27, 1903, appellee presented its claim for allowance to the administration, and it was allowed, and on February 28, 1903, was filed with the county clerk of McLennan County. More than twelve months had then elapsed since the appointment of Kelley as administrator.

April 1, 1903, D. A. Kelley filed his report of the condition of the estate, showing a list of claims aggregating $120,040.48, presented within one year, including claims of the second, third and fourth classes, and showing that the estate was largely insolvent. The report showed that the claim of appellee had not been presented to said administration within twelve months from the grant of letters to him, and sought to have the claim classified as a fifth class claim. Appellee contested this portion of the report and sought to have the claim classified as a claim of the third class.

The County Court adopted the contention of the administrator, but the District Court upon appeal reversed this judgment and classified the claim as of the third class. The administrator seeks a revision of the order of the District Court.

Article 2068 of the Revised Statutes, provides: "Every claim for money against a testator or intestate shall be presented to the executor or administrator within twelve months after the original grant of letters testamentary or of administration, or the payment thereof shall be postponed until the claims which have been presented within said twelve months and allowed by the executor or administrator, and approved by the county judge, have been first entirely paid."

Article 2078 provides: "If a claim or a part thereof be allowed by an executor or administrator, it shall be presented within twelve months after the issuance of original letters testamentary or of administration to the clerk of the county court of the proper county, who shall enter

the same in its proper place·upon the claim docket, and unless such claim is so presented within said time, the·payment thereof, should it be approved, either in whole or in part, shall be postponed until all other claims which have been allowed and approved within the time prescribed, have been first entirely paid."

Article 2082 provides that suit may be brought on a rejected claim within ninety days after such' rejection and not thereafter, and article 2083 provides that no execution shall be issued on a judgment obtained in such suit, but that a certified copy of such judgment shall be filed within thirty days after the rendition of such judgment and entered upon the claim docket, and shall be classified and have the same force and effect as if the amount thereof had been allowed by the executor or administrator, and approved by the county judge.·

Article 2091 is as follows: "The claims against an estate shall be classed and have priority of payment as follows: 1. * * * 2. * * * 3. Claims secured by mortgage or other liens. * * * 4. All claims legally exhibited within one year after the original grant of letters testamentary or of administration. ·5. All claims legally exhibited after the lapse of one year from the original grant of letters testamentary or of administration."

It is insisted that the claim of appellee, under the limitations prescribed by these·articles, falls under the fifth class, because it was not exhibited as a claim within twelve months from the grant of letters of administration to D. A. Kelley.

We are unable to agree with this contention. Under the peculiar facts of this case, the claim does not seem to fall within the provisions of any of these statutes relied upon by appellant. The facts which in our opinion take it out of the provisions of articles 2068 and 2078, are that for some time after the rendition of the judgment in the original case, the estate was being administered by Mrs. Bell as independent executrix. To such an administration the articles quoted, of course, have no application. While this character of administration continued a final judgment was rendered against her establishing the claim and also the lien. Had she not resigned no action would have been necessary in the probate court to have enforced the collection of the claim. When she did resign, her report showed the existence of this claim and the judgment foreclosing the lien. The administration after her resignation was in the nature of an administration de bonis non (Dwyer v. Kalteyer, 68 Texas, 558) and the court was bound to take notice of the proceedings already had by the independent executrix, and shown in her report. In our opinion these facts render the articles quoted inapplicable to this claim.

If it was necessary to have presented the claim at all to the administrator, there being no statute prescribing the time within which it should be presented, a presentation within a reasonable time was sufficient. The claim was presented before any partition or distribution of the estate

was made, and within a few days after the termination of the injunction suit. While that suit did not affect the amount of the claim nor its lien upon the property in Farwell Heights, it did involve the existence of a lien on other property of the estate, and the extent to which the claim would participate in the assets of the estate could not be fully determined until this question was settled. Under these circumstances, we think it was not unreasonable to delay the presentation of the claim until this suit was terminated.

We find no error in the judgment of the District Court, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.