**WOODS et al. v. BRADFORD.　(No. 1853.)**

(Court of Civil Appeals of Texas. El Paso. March 4, 1926. On Rehearing April 8, 1926.)

1. **Executors and administrators** ⊷454—**Execution may issue against executor administering estate free of control by probate court, and which may be satisfied out of testator's estate subject to execution in hands of executor (Rev. St. 1911, art. 3363).**

Under Rev. St. 1911, art. 3363, execution may lawfully issue on judgment obtained against executor administering estate free of control by probate court, which may be satisfied out of testator's estate subject to execution in hands of executor.

2. **Executors and administrators** ⊷453(2)—**Executor administering estate free of control by probate court was bound by judgment in true representative capacity, although judgment in execution named him as administrator (Rev. St. 1911, art. 3363).**

Where judgment and execution was against administrator, although he was in fact an executor administering estate free of control by probate court, executor, under Rev. St. 1911, art. 3363, was bound by judgment in true representative capacity which he bore to estate.

3. **Executors and administrators** ⊷454—**Assets of insolvent estate, being administered by executor free from control by probate court, are in hands of executor in trust for benefit of creditors and devisees, and one creditor cannot defeat rights of others, by having property sold under execution (Rev. St. 1911, art. 3363).**

Assets of an insolvent estate, being administered by executor free from control of probate court, are held in hands of executor in trust for benefit of creditors and devisees, and one creditor, by force of Rev. St. 1911, art. 3363, cannot defeat rights of others by having property sold under execution in satisfaction of judgment.

4. **Executors and administrators** ⊷454—**Judgment creditor of insolvent estate, obtaining execution against executor administering estate free from control of probate court, acquired title by purchase at execution sale charged with trust in favor of other creditors (Rev. St. 1911, art. 3363).**

Where judgment creditor of insolvent estate, under Rev. St. 1911, art. 3363, obtained execution against executor administering estate free from control of probate court, he acquired title charged with trust in favor of other creditors by purchase at execution sale, and not becoming a purchaser for value by crediting purchase price on judgment.

Appeal from District Court, Stephens County; Walter F. Schenck, Judge.

Suit by J. M. Bradford against W. E. Woods and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

---

Gross & Gross, of Mineral Wells, for appellants.

Penix, Miller & Perkins, of Mineral Wells, Grindstaff & Zellers, of Weatherford, and Benson & Dean and John W. Hill, all of Breckenridge, for appellee.

HIGGINS, J. The appellee, J. M. Bradford, brought this suit in trespass to try title to 200 acres of land in Stephens county against W. E. Woods, A. A. Garrett, Tula H. Bennett, Victoria A. Bradford, and W. H. Bradford executor of the estate of E. T. Bradford, deceased. The defendants disclaimed except as to an undivided interest of 127 acres in the land. As to said 127 acres they pleaded not guilty and filed cross-actions, the nature of which will be later stated. The plaintiff recovered judgment as prayed for. All defendants appeal.

The material facts are as follows: The 200 acres was originally the community property of E. T. Bradford and wife, Martha Bradford. Mrs. Bradford died intestate leaving a number of children, of whom the plaintiff is one. E. T. Bradford after the death of his wife acquired from some of her heirs an additional undivided 27 acres in the tract. He later married the defendant Victoria A. Bradford. Prior to the death of E. T. Bradford, which occurred in November, 1921, he conveyed their homestead in Mineral Wells, Palo Pinto county, to his wife, Victoria A. Bradford, subject to the lien against it evidenced by three notes for $1,500 each, executed by him payable to Bennett-Woods-Garrett Realty Company; the deed, however, providing that the grantor agreed to pay off said indebtedness and give her the property free of incumbrance.

E. T. Bradford died testate. By his will he appointed his son, W. H. Bradford, executor without bond, and directed "that no other action be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims." His will was probated in the county court of Palo Pinto county on February 21, 1922, and letters testamentary ordered issued to W. H. Bradford upon his taking the required oath. The executor qualified, and an inventory, appraisement, and list of claims was filed.

On October 3, 1922, the plaintiff, J. M. Bradford, recovered a judgment in the district court of Parker county against W. H. Bradford, "administrator of the estate of E. T. Bradford, deceased," for $1,036.75, with interest. The judgment recites waiver of process and acceptance of service by the defendant and directs the issuance of execution.

On November 2, 1922, an alias execution directed to Stephens county was issued on the judgment against the property of W. H. Bradford, "administrator of the estate of E. T. Bradford, deceased." The execution was levied on "all interest of E. T. Bradford and the estate of E. T. Bradford deceased, in and to" the 200 acres sued for. The property so levied upon was sold to J. M. Bradford, on December 5, 1922, and conveyed to him by sheriff's deed of that date in consideration of $1,000 paid by credit applied on the judgment.

On April 25, 1923, a judgment was rendered in the district court of Palo Pinto county as follows:

In favor of C. C. Bennett, W. E. Woods, and A. A. Garrett, composing the partnership of Bennett-Woods-Garrett Realty Company, against W. H. Bradford, independent executor of the estate of E. T. Bradford, deceased, in the sum of $5,910.50 with interest, being the amount due upon purchase-money notes against the Mineral Wells homestead conveyed by E. T. Bradford to his wife, Victoria A. Bradford, foreclosing the vendor's lien upon said land against the executor and Victoria A. Bradford. The judgment then recites that E. T. Bradford had conveyed the property to Victoria A. Bradford and agreed to pay said notes so that she would have the property free of incumbrance, and then gives judgment in favor of Mrs. Bradford against the executor for any sum which she might be required to pay on the judgment obtained by Bennett, Woods and Garrett, for which she should have execution.

The judgment directed the issuance of execution on the judgment in favor of Bennett, Woods, and Garrett to be levied upon any property belonging to the estate of E. T. Bradford subject to execution; if no such property or an insufficient amount be found, then an order of sale was directed to issue for the sale of the property so foreclosed upon, and, if such property sold for more than enough to pay the demand of Bennett, Woods, and Garrett, such excess was ordered paid to Victoria A. Bradford.

An ordinary execution was issued upon this judgment in favor of Bennett, Woods, and Garrett, as the judgment ordered. This execution was returned nulla bona on August 31, 1923. An alias execution was then issued directed to Stephens county and returned October 1, 1923, nulla bona. By order of the probate court of Palo Pinto county, granted upon the application of Bennett, Woods, Garrett, and Mrs. Bradford, the executor was required to give bond as such which he did, and his bond in the sum of $9,000 was approved March 7, 1924.

The defendant Tula H. Bennett is the surviving wife and only heir of C. C. Bennett, who died intestate.

The cross-action of Woods, Garrett, and Mrs. Bennett was against the plaintiff and their codefendant, W. H. Bradford, as executor. In brief, among other allegations, it set up that they were creditors of the estate setting up their judgment above described; that the estate was insolvent and the judg-

ment in favor of the plaintiff against the executor was obtained by collusion between them and in fraud of the other creditors of the estate; and they sought to have the sheriff's deed set aside and the 127 acres decreed to belong to the estate of E. T. Bradford and restored to the possession of the executor to be held as a trust and administered under the orders of the probate court for the benefit of all creditors.

Victoria A. Bradford set up her rights as a creditor by virtue of the provision in the deed from the decedent to her, whereby he bound himself to pay off the notes against the property conveyed to her so that she would hold the same free from incumbrance.

The executor filed a general denial to the plaintiff's suit and the cross-action of his codefendants, and then set up a cross-action against the plaintiff alleging that the estate of the decedent was insolvent by virtue of the judgments obtained by the plaintiff and the Bennett-Woods-Garrett Realty Company, and asked that the sheriff's sale to plaintiff be set aside and he recover the 127 acres for the estate of his decedent.

By a number of their propositions the appellants contend that the judgment, execution, levy, sale, and sheriff's deed through which the plaintiff deraigns title was insufficient to divest the title of the estate and vest the same in him because execution cannot lawfully issue against an administrator, but the judgment obtained must be certified to the probate court where the estate is being administered and there classified and paid in due course of administration as the statute requires.

[1] W. H. Bradford was not the administrator of the estate of his decedent administering the same under the direction and control of the probate court. On the contrary, he was an executor administering the estate free of control by the probate court, and in such cases execution may lawfully issue upon a judgment obtained against the executor which may be satisfied out of the estate of the testator subject to execution in the hands of the executor. Article 3363, R. S. 1911. Appellants do not question that execution may issue in such cases. Their position is that the judgment and execution was against W. H. Bradford as administrator, and therefore article 3363 has no application.

[2] But W. H. Bradford in truth and in fact was an executor to whom article 3363 applies. His designation in the judgment and execution as administrator was a mere misnomer, and the judgment bound him and the estate of his decedent in the true representative capacity which he bore to such estate. Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S. W. 847; 34 C. J. 559.

The trial court found that the estate of the decedent was solvent at the time plaintiff recovered the judgment in Parker county and remained solvent until the plaintiff went into possession of the land on December 5, 1922, under the sheriff's deed.

Appellants assign error to this finding upon the ground that it is contrary to the undisputed evidence. This assignment is sustained. The debts upon which the two judgments against the executor were based are shown in the list of claims against the estate filed by the executor in the probate court, together with other claims, which amounted to about $1,000. The 127 acres was inventoried as separate property of the deceased and valued at $4,445. Personal property valued at $200 was also inventoried as separate property. As community property there was listed the Mineral Wells property, valued at $4,500, and personal property valued at $300. The evidence upon the trial shows without contradiction that such inventory and appraisement of all the property was approximately correct except that the Mineral Wells property was improperly inventoried as a part of the estate of the decedent. The deed from the decedent to his wife vested title to this property in the wife as her separate estate. There is nothing to impeach this deed, and when the Mineral Wells property is eliminated as a part of the assets of the estate there can be no question that the estate of the decedent was at all times insolvent. We so hold.

[3] The estate being thus insolvent, the doctrine announced in Bank v. Bell, 31 Tex. Civ. App. 124, 71 S. W. 570 (error refused), applies. In that case it was held that the assets of an insolvent estate, being administered by an executrix free from the control of the probate court, was in the hands of the executrix in trust for the benefit of creditors and devisees, and that one creditor, by force of article 3363, could not defeat the rights of the other beneficiaries in the trust by having the entire property sold under execution in satisfaction of a judgment obtained by him against the executrix. In that case the execution sale was enjoined at the suit of the executrix and a creditor.

[4] We are therefore of the opinion that by virtue of the insolvency of the estate of the decedent the assets of his estate passed into the hands of the executor charged with a trust in favor of the devisees and creditors of the decedent, and, since the plaintiff was not a purchaser for value at the execution sale, he acquired the title charged with the trust in favor of the other creditors. In Bank v. Bell, supra, the executrix and a creditor enjoined the sale, whereas in the present case the sale was had, but we do not regard this as defeating the rights of the other creditors. To so hold would enable the executor by collusion with one creditor to defeat the rights of others. In this case there are circumstances strongly indicative

of collusion between the executor and the plaintiff to defeat other creditors, but upon this issue the court made no finding. If the plaintiff had been a bona fide purchaser for value at the execution sale a different question would be presented.

As we view the matter, the plaintiff was not a purchaser for value, because the amount of his bid was credited upon his judgment; he purchased at execution sale property charged with a trust in favor of other creditors and credited his bid upon his own judgment, thus obtaining an advantage at the expense of others who were beneficiaries of the trust estate; that he theretofore took title subject to the trust in favor of the other creditors, and they at least are entitled to have the property restored to the trustee and the estate administered for the benefit of all the beneficiaries. If this suit were by the executor alone, it may be that he would be precluded from maintaining the same by his failure to enjoin the sale and permitting the property to be sold under the execution, but, as indicated above, we do not think his failure to protect the other beneficiaries of the trust should preclude them from obtaining appropriate relief.

Reversed and remanded.

### On Rehearing.

Appellants assert the facts in this case have been fully developed, wherefore, the judgment should be reversed and here rendered. Their motion to this effect is well taken, and will be granted.

It is therefore ordered that the order reversing and remanding the cause is set aside, and it is here now ordered that the judgment be reversed and here rendered as follows:

Upon the defendant's disclaimer the plaintiff, J. M. Bradford, recover an undivided interest of 73 acres in the 200-acre tract sued for; upon their cross-action it is ordered that the defendants W. E. Woods, A. A. Garrett, Tula H. Bennett, Victoria A. Bradford, and W. H. Bradford, executor of the estate of E. T. Bradford, deceased, by and in the name of said W. H. Bradford, executor of the estate of E. T. Bradford, deceased, and for the use and benefit of the estate of E. T. Bradford, deceased, recover of J. M. Bradford an undivided interest of 127 acres in the 200-acre tract sued for, together with costs of the court below and upon appeal; that W. E. Woods, A. A. Garrett, Tula H. Bennett, and Victoria A. Bradford take nothing by their cross-action against their codefendant, W. H. Bradford, executor of the estate of E. T. Bradford, deceased, but the denial of any relief upon such cross-action is not to be construed as in anywise impairing the right of said Woods, Garrett, Bennett, and Victoria A. Bradford as creditors of the estate of E. T. Bradford, deceased, or the right to have the said 127 acres of land administered for the benefit of the creditors and devisees of E. T. Bradford, deceased.

Reversed and rendered.