## JENKINS et al. v. FIRST NAT. BANK OF COLEMAN et al.
### No. 8378.

Court of Civil Appeals of Texas. Austin.

Feb. 10, 1937.

Rehearing Denied Feb. 24, 1937.

846

Sayles, Sayles & Sayles, of Abilene, and J. B. Dibrell, Jr., of Coleman, for appellants.

W. Marcus Weatherred and Critz & Woodward, all of Coleman, for appellees.

BLAIR, Justice.

This litigation arose as follows: J. C. Dibrell died testate March 29, 1930, and his will was probated April 21, 1930. His two sons were appointed independent executors without bond, and were directed to hold together, manage, and control the estate for a period of ten years; to pay "all just debts" from the "fruits, rents and revenues" of the estate, and with full power "to borrow money" on the estate or any part of it; and to "sell parts of the lands" to pay outstanding encumbrances against the estate, if necessary. The estate consisted of about 7,200 acres of ranch land, about 6,200 acres being heavily mortgaged, the remaining 1,000 acres, including the 200-acre homestead, being unencumbered; the town residence, heavily encumbered; and several town lots of little value; and certain bank stock which was pledged as collateral for more than its face value. There were also 880 sheep, 52 horses and mules, 1,153 goats, 348 cattle, and a small amount of personal property and farm machinery, all of which were free of debt or lien. At the time of the death of testator the estate owed debts aggregating about $170,000, of which more than $39,-000 were wholly unsecured, and debts aggregating more than $39,000 were past due; and within nine months after the death of testator more than $80,000 of debts became due. There was no money on hand and the total cash receipts for the first eighteen months from the estate were about $25,750, which included $10,000 received from the sale of cattle, and the remainder from crops. On September 22, 1930, the executors executed a mortgage on 176 cattle to secure a note executed by the executors, dated May 10, 1930, due November 6, 1930, for $11,500 owing by the estate to the First National Bank of Coleman; and the mortgage further provided that it was to also secure notes and claims owing by the estate to certain named creditors. The executors, the bank, and the other creditors named in the mortgage were defendants below and are appellees here, and, excepting the executors, they were holders of unsecured debts against the estate of about $37,750. On February 24, 1931, the

executors executed another chattel mortgage on the remainder of the live stock, to secure a note executed by the executors, dated November 5, 1930, due May 5, 1931, and payable to the First National Bank of Coleman, for $11,500. On February 21, 1931, the executors executed a deed of trust lien to W. N. McCulloch, trustee, covering all of the real estate remaining on hand, both encumbered and unencumbered, except the 200-acre homestead, to further secure the notes and claims owing by the estate to appellees. The live stock was sold under the mortgages and the money paid to appellees. The encumbered real estate was sold under foreclosure or deed of trust sales for the debts secured, which on the whole did not bring sufficient to pay the debts constituting liens against said real estate. The 800 acres of land which was unencumbered when testator died, but included in the deed of trust to appellees, was sold under the deed of trust executed by the executors, and the proceeds thereof paid to appellees; and at the time of the trial of this case there was no property of any kind left in the estate.

On October 1, 1932, and later by amended petition, appellants, several unsecured creditors of the estate with claims totaling more than $51,000 on which nothing was ever paid, brought this suit for the following purposes: (1) To establish their unsecured and unsatisfied claims against the estate; (2) to set aside, avoid, and annul the two mortgages and the deed of trust executed by the executors to secure the several notes and claims of appellees, upon the following grounds: (a) Because the chattel mortgages executed by the independent executors were without consideration, in that they were given to secure the payment of antecedent debts without any contemporaneous renewal or extension thereof; (b) because the execution of said mortgage and deed of trust on all of the unencumbered properties of the estate had the effect of preferring appellees as creditors over appellants, whose claims were of the same classification and of equal dignity, in disregard of article 3314, R.S.1925, creating such properties a trust fund for the benefit of all such creditors, and fixing a statutory lien thereon to secure the payment of their debts, and the provisions of articles 3532 and 3540, requiring that all funds of an estate coming into the hands of the executors shall be paid by them pro rata to all creditors entitled thereto, whether the estate is solvent or insolvent; (3) to set aside, avoid, and annul the deed of trust executed by the executors on the real estate, and to restore the possession and control thereof to the independent executors for the benefit of all unpaid creditors, and to require appellees, who were preferred as creditors by the independent executors by the execution of the mortgages and deed of trust and the payment of the proceeds of the sale of the properties, or the delivery of the properties covered thereby to them, to account for and refund to the executors all moneys received by them from such executors, with legal interest thereon, together with all fruits, rents, and revenues received by them or any of them from the control, use, and possession of the properties; and that the court order, adjudge, and decree an equitable distribution of all the proceeds of the estate subject to the payment of the claims of appellants and to the claims of other unsecured and insufficiently secured creditors of said estate, and to require the independent executors of the estate to carry out and effect such equitable distribution in compliance with the judgment and decree of the court.

In answer to special issues, the jury found that at the date of the death of testator and when the mortgages and deed of trust were executed the aggregate value of the estate was about $300,000; and that the value of the live stock and personal property was from about $51,000 to $58,000 on said dates. No issue as to the amount of debts was submitted, but according to the testimony and estimates the total indebtedness was about $170,000, and the undisputed evidence showed debts aggregating more than $156,000. From these findings of the jury and facts in evidence, the trial court concluded that the estate was solvent when the mortgages and deed of trust were executed; and that, therefore, the executors had the legal right and power to execute them, and refused to set them aside, or to avoid or annul them, and denied appellants any relief prayed for, except to establish their unsatisfied claims against the estate as prayed. This portion of the judgment is not attacked, except that the claim or debt of one of the appellants was and is barred by limitation.

Taking into consideration the preferred claims of creditors holding liens against the real estate, the exemptions and the pledged bank stock, and the fact that more

than $39,000 of debts were due, and that more than $80,000 of debts became due in nine months after the death of testator, and before any of the unsecured creditors could have enforced their claims; and the further fact that the estimated value of all unencumbered properties or assets (the 800 acres of land and the live stock) was only about $75,000 when the mortgages and deed of trust were executed, all executed within eleven months after testator's death, it is very doubtful whether the estate was solvent on the date the mortgages and deed of trust were executed. But if the estate were solvent on such dates, the undisputed testimony showed that it was insolvent when the properties were sold under the mortgages and deed of trust and the proceeds paid to the appellees as mortgagees and beneficiaries of the deed of trust. And in any event the undisputed evidence showed that at all times there was a deficiency of assets to pay all claims of unsecured creditors, whether the estate be regarded as solvent or insolvent. The undisputed evidence also showed that the mortgages and deed of trust were not executed to borrow money to pay debts, but were executed to secure the claims of appellees, except the appellee executors; and that the proceeds of the sales of the properties were applied in part payment of such claims. It is therefore manifest that the controlling question is not whether the independent executors had the power under the will to mortgage all of the unencumbered assets of a solvent estate to pay debts; but whether the giving of the mortgage and deed of trust liens thereon by the executors and the enforcement of such liens by appellees, a part only of the unsecured creditors, to the exclusion of other unsecured creditors having claims of equal dignity and right, violated the provisions of article 3314, creating such assets or properties a trust fund for the benefit of the devisees and legatees and all creditors of the estate, and fixing a statutory lien thereon to secure the payment of their debts. Also whether such mortgages and deed of trust given to secure only a part of the unsecured creditors violated the terms of article 3532, reading as follows: "Where there is a deficiency of assets to pay all claims of the same class, they shall be paid pro rata; and no executor or administrator shall be allowed to pay any claims, whether the estate is solvent or insolvent, except with

their pro rata amount of the funds of the estate that have come to hand."

And also whether the giving of such mortgages and deed of trust violated the terms of article 3540, which more specifically provides that: "If it appear that the funds on hand are not sufficient for the payment of all the said claims, or if the estate is insolvent and the executor or administrator has any funds in his hands, the county judge shall order such funds to be applied to the payment of all claims having a preference in the order of their priority, if they, or any of them, be still unpaid, and then to the payment pro rata of the other claims allowed and approved or established, taking into consideration also the claims that were presented within twelve months, and in suit or on which suit may yet be instituted."

It is clear that under the facts stated the giving of the mortgages and deed of trust by the executors violated the provisions of both article 3314 and article 3532; and also violated the more specific terms of article 3540, if it be regarded as being applicable to independent executors. There can be no valid reason for not requiring independent executors to exercise the same statutory duties with respect to the priority, classification, and pro rata payment of claims of creditors that executors who are acting under the direction of the court must observe; and the general rule long established by the courts is that while an independent executor is free to administer the estate independently of the probate court, still he is required to observe all applicable statutes relating particularly to the priority, classification, and pro rata payment of claims of creditors, and he must conform to the provisions of the statutes fixing a lien on the property or assets in his hands to secure the payment of the debts of creditors. And since article 3314 fixes a lien in favor of all creditors on the assets of the estate subject thereto, the independent executor is not authorized to give mortgage and deed of trust liens on all of the property or assets of the estate to a part only of the creditors to the exclusion of other creditors of the same class, because such mortgage and deed of trust liens in favor of a part only of the creditors would render nugatory the statute giving or fixing a lien on such property or assets of an estate in favor of all creditors entitled thereto. The mortgage and deed of trust

liens in question must therefore be declared void. Articles 3437-3451, 2579, 3314, 3531-3533, and 3540; Moore v. Moore, 89 Tex. 29, 33 S.W. 217; Blinn v. McDonald, 92 Tex. 604, 607, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931; Farmers' & Merchants' Nat'l Bank of Waco v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570; Tood v. Willis, 66 Tex. 704, 1 S.W. 803; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Alexander v. Berkman (Tex.Civ.App.) 3 S.W. (2d) 864; Morrell v. Hamlett (Tex.Civ. App.) 24 S.W.(2d) 531; Smithwick v. Kelly, 79 Tex. 564, 15 S.W. 486, and 13 Tex.Jur. 771, § 193, and cases there cited.

 The giving of the mortgage and deed of trust liens on all of the assets of the estate was also in direct violation of the terms of article 3532, which provides that where a deficiency of assets to pay claims exists, claims of the same classification "shall be paid pro rata * * * whether the estate is solvent or insolvent." The undisputed evidence showed that the insufficiently secured and the unsecured claims which were due or became due during the first year after the death of testator exceeded the amount of assets liable for their payment at the end of·the first year. Creditors could not enforce their claims until after one year, and manifestly the executors could not during the first year give mortgage and deed of trust liens on all of the assets of the estate to only a part of creditors entitled thereto without violating this statute requiring that all such claims be paid. At all times there were insufficient unencumbered assets or funds on hand to pay creditors entitled to be paid out of such assets or funds. And since the early case of Stell v. Lewis, 2 Posey, Unrep.Cas. 533, it has been held that if claims within a certain class are equal and entitled to no preference in payment over other claims in the same class, they should be accorded equality and ordered paid pro rata.

 The undisputed proof also showed that if the estate was not insolvent at the end of the first year after the death of testator, it was in grave danger of becoming so, and did shortly thereafter become so; and it was therefore the duty of the executors under the provisions of article 3532 and the more specific provisions of article 3540 to delay the payment of claims until the pro rata due each creditor could be ascertained. Lockhart v. White, 18 Tex. 102. This they did not do and they are clearly liable for wrongfully giving the mortgage and deed of trust liens to appellees, which not only preferred them as creditors, but was tantamount to the sale of all the assets of the estate to them, and which actually resulted in the sale of such assets for even less than the amount of the claims of appellees, leaving no assets whatsoever with which to pay other creditors of the same class. Alexander v. Berkman, supra; Woods v. Bradford (Tex.Civ.App.) 284 S.W. 673, 683; Farmers', etc., Bank v. Bell, 31 Tex.Civ. App. 124, 71 S.W. 570.

 The record shows that the chattel mortgages were given to pay the debts of creditors existing at the date of the death of testator, and without any contemporaneous renewal or extension thereof. The law is settled that there must be a consideration for a mortgage as contradistinguished from the debt; and that a mortgage to secure an existing debt without any contemporaneous renewal or extension of the debt is without consideration. 9 Tex.Jur. 110-112, § 27, and cases there cited.

The judgment of the trial court establishing the claims of all appellants, except the claim of J. B. Dibrell, Jr., as executor of the estate of Margaret C. Dibrell, deceased, and as trustee of the Nannie Lee Jenkins fund for $3,958.13, is affirmed. The judgment establishing said claim for $3,958.13 is reversed, because the facts raised the issue of limitation as against such claim, which issue should be determined on another trial. The judgment declaring the mortgages and deed of trust in question valid is reversed, and judgment is here rendered declaring same to be void, and the cause is remanded for trial of the remaining issues raised by the pleadings.

Affirmed in part; reversed and rendered in part; and in part reversed and remanded.