### SEELEY et al. v. HUNT et al.

### HUNT et al. v. SEELEY et al.
### No. 8966.

Circuit Court of Appeals, Fifth Circuit.
Feb. 2, 1940.

T. R. Boone, Harvey Harris, and Kearby Peery, all of Wichita Falls, Tex., for appellants Viola Seeley et al.

H. E. Jackson, Scott Snodgrass, R. G. Hughes, and Chas. Gibbs, all of San Angelo, Tex., and Wm. H. Burges, of El Paso, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is the third appeal in this case. See Seeley et al. v. Cornell et al., 5 Cir., 90 F. 2d 562, 566; Seeley et al. v. Cornell et al., 5 Cir., 74 F.2d 353. On the last appeal we directed a "full and complete accounting from the estates of Cornell and Mrs. Cornell * * *".

After the mandate went down the trial court appointed a special master to try the issues and make recommendations to the court. The master heard much evidence and reported it and made findings of fact and recommendations and submitted them to the court. The complainants and respondents made various objections to the findings and recommendations submitted by the special master. The court overruled the objections, approved the master's findings, and entered a decree based upon his report. From the judgment entered the complainants appeal and the respondents cross-appeal.

█ In their first specification of error the complainants call our attention to a clerical error in addition. The respondents introduced a long list of alleged disbursements and the master disallowed 577 of the items and the court approved his disallowance. The sum of these disallowed items was listed as $109,339.96, whereas the correct total is $135,646.56, a difference of $26,306.60. This error in addition was called to the attention of the trial court before decree was entered. The mistake is apparent on the face of the record and we correct it. Southern Pine Company v. Savannah Trust Company, 5 Cir., 141 F. 802; Kishan Singh v. Carr, 9 Cir., 88 F.2d 672, 679.

█ Cornell attempted to make a full and complete settlement with his clients, Viola Seeley and others, in April, 1930. The record shows that he did not pay over all that he should have paid and the complainants contend that they should have been decreed simple interest at the rate of six per cent on all monies from the date or dates when such monies should have been paid over to them. The court below allowed interest at six per cent from the date of its decree, August 1, 1938. It was the duty of the respondents to pay over the monies when due, and failing this duty, they are liable for interest on all amounts improperly withheld. Settegast v. Timmins, Tex.Civ.App., 6 S.W.2d 425; McComb v. Frink, 149 U.S. 629, 13 S.Ct. 993, 37 L.Ed. 876.

█ The appellants' third specification of error is without merit. Cornell was entitled to receive the twenty per cent commission or fee allowed him by the powers of attorney. By these powers the complainants authorized him to preserve the estate of their mother. "As the matter stands on the proof and on the findings, Cornell, their attorney, has obtained for complainants moneys which, if he had not made the settlements in their behalf, they would never have obtained * * *. Cf. Colquitt v. Roxana Petroleum Corporation, supra [5 Cir., 49 F.2d 1025]." Seeley, et al. v. Cornell et al., 5 Cir., 90 F.2d 562, 565.

█ The complainants assign as error the failure of the court to declare a lien in their favor on the assets acquired by the respondents with their money. In paragraph nine of the decree of the trial court the complainants are each awarded a one-tenth interest in certain described properties. In paragraph eleven the remaining four-fifths of the properties are awarded to the respondents. The complainants have been awarded their one-fifth share of the properties and are not entitled to a lien on the three-fifths portion of the properties purchased by Cornell from the other heirs. They are entitled to a lien, however, on the one-fifth interest acquired by virtue of the twenty per cent compensation allowance of the power of attorney, and the same is hereby declared.

█ By their sixth specification of error the complainants set up various items which they allege should have been disallowed by the master. The thirty seven items total $79,914.32. Appellants contend that the respondents failed to introduce such evidence as would justify the allowance of these items as proper credits. Fact matters which have been determined by a master and approved by a trial court should not be overturned except on the clearest showing of mistake. Levin Brothers v. Davis Manufacturing Co., 8 Cir., 72 F.2d 163; Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396. The record supports the allowance of these items and the findings as to them will not be disturbed. The same rule is applicable in disposing of like contentions on the cross-appeal. The respondents allege on cross-appeal that the master and court committed error in failing to allow credit for various alleged expenditures. The master and court felt that the respondents had not met

the burden of proof resting upon them and we think the record supports their disallowance of these items with the exception of the $2,000 expended in the Luke Robinson deal. The record shows that Cornell purchased certain royalty acreage from Luke Robinson for $2,500. The complainants were given an interest in this lease but were only charged with a portion of $500 instead of a share of its full cost, $2,500. The respondents should, therefore, be given credit for this additional $2,000 disbursement.

■ In the seventh specification of error the appellants complain of the allowance of $9,649.60 as expenses, and $10,278.92 as fees, paid to one L. W. Elliott. The record supports the allowance of the item of expenses. The fees must be disallowed. Cornell had no right to employ other attorneys at the expense of the estate. His power of attorney and the findings of the master and court clearly show that the twenty per cent commission or fee allowed to him was intended to cover attorneys' fees. He was the attorney for the complainants and he had no right or authority to associate other counsel and pay them out of monies belonging to the estate. Paddock v. Colby, 18 Vt. 485; Voorhies v. Harrison, 22 La.Ann. 85; Smith v. Lipscomb, 13 Tex. 532.

■ In the decree the court taxed the sum of $75.30 as costs of the former appeal against the respondents and further decreed that all other costs be taxed one half against the complainants and one half against the respondents. This will not do. It was error for the reason that the complainants were taxed with one half the cost of the transcript of record on the former appeal. In the mandate the respondents, appellees, were condemned to pay the costs of the appeal. Moreover, our Rule 31 (3) provides, "In cases of reversal of any judgment or decree in this court, costs shall be allowed to the appellant unless otherwise ordered by the court. The cost of the transcript of the record from the court below shall be taxable in that court as costs in the case." The respondents were liable for all costs of the appeal and these costs included the cost of the transcript of record. City of Orlando v. Murphy, 5 Cir., 94 F.2d 426.

Except for the Luke Robinson transaction there is no merit in the errors specified on the cross-appeal and they are disallowed.

The decree of the trial court is modified as follows:

The clerical error in addition of the disallowed items is corrected. The sum of $10,278.92 paid to Elliott as fees is disallowed. The additional sum of $2,000 paid on the Luke Robinson deal is allowed. By these corrections the disallowances are increased by $34,585.52, and the recovery allowed to Viola Seeley is increased by one-tenth of that amount, and the recovery allowed Ida May Ramsey and her husband is increased by one-tenth of that amount. Thus the award to Viola Seeley in the sum of $18,621.11 is increased by $3,458.55 to $22,079.66; and the award to Ida May Ramsey and her husband in the sum of $20,037.77 is increased by $3,458.55 to $23,496.32. Interest at six per cent is awarded on monies due and improperly withheld after April 30, 1930. The interest figured to August 1, 1938, the day interest begins under the decree, amounts to $9,062.03 for Ida May Ramsey and her husband, and $8,896.07 for Viola Seeley. The respondents are taxed with all costs of the former appeal, the same being $73.70 plus the cost of printing the transcript of record. The decree of the court as to other costs is not disturbed. A lien is declared in favor of the complainants against the one-fifth interest in the properties acquired by the respondents by virtue of the attorney's fee allowed by the power of attorney.

Costs of this appeal are taxed to the appellees.

The decree of the trial court as here modified is affirmed.