### HUNT et al. v. SEELEY et al.
### No. 9648.

Circuit Court of Appeals, Fifth Circuit.

Sept. 7, 1940.

Rehearing Denied Dec. 13, 1940.

Will A. Morriss and Will A. Morriss, Jr., both of San Antonio, Tex., R. G. Hughes, of San Angelo, Tex., and L. W. Elliott, of Sonora, Tex., for appellants.

T. R. Boone and Harvey Harris, both of Wichita Falls, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This court modified and affirmed (Seeley v. Hunt, 5 Cir., 109 F.2d 595) a decree of the district court which on an accounting in equity gave judgment in favor of the appellees against the appellants, who are respectively the independent executor of the will of Emma Cornell, and the administrator with the will annexed of the estate of James Cornell, execution to be issued against the independent executor, but the judgment as respects the administrator to be certified to the court which appointed him for payment in due course of administration. Execution was issued against the independent executor, and is now levied on numerous interests in lands in Pecos County, Texas, as the property of Mrs. Cornell. The independent executor sought a stay of execution in the district court which issued it on grounds later discussed, but a stay was refused and an appeal taken. A stay pending appeal was denied by a judge of the Court of Appeals, and the appeal was withdrawn. Then a bill was filed in a State court of equity by both the independent executor and the administrator praying an injunction against the enforcement of the execution on substantially the same grounds urged for a stay, and that the court enter orders that the estate of Mrs. Cornell be administered in accordance with the probate laws of Texas. An ex parte temporary injunction was entered against the sale. The plaintiffs then by a supplementary proceeding in the district court presented the situation, denied that the State court had authority to interfere with their execution sale, and prayed an injunction against further interference and obstruction of it. The independent executor and administrator joined in an answer which stated that the estate of Mrs. Cornell owed the judgment in question of about $100,000, and a claim of the United States of about $13,000 for estate taxes, and costs of administration, but had named properties of a total value of only $21,500, and the estate being insolvent was not subject to sale on execution; that the lien on certain property set up in the same decree had not been foreclosed, nor the property affected by it sold, and that a levy on other property was premature; that since the increase of the judgment by the Circuit Court of Appeals there had been no judgment entered in the district court, from which an execution could issue; that the community property of the Cornells was for administration by the administrator of James Cornell in the probate court; and that the allegations in their exhibited petition to the State court were true, and incorporated as a part of the answer. Among the allegations thus imported are some to the effect that a large part of the property levied on, fully described, is community property in the hands of the administrator to be administered; and he has procured from his probate court an order to sell it, but that the marshal's levy and sale would cloud the title and prevent a successful sale by him, and that a judgment should be rendered adjudicating the community property to be in the administrator and the separate property to be administered by the independent executor. The answer then prayed that plaintiffs' injunction be denied; but if not, that the district court would quash its own execution for the reasons given, or postpone its levy till the property under the special lien was exhausted; and that an order be made removing the cloud cast on the titles of the estates and each of them, and for general relief. On a preliminary hearing the district judge did not try out the solvency of Mrs. Cornell's estate nor the title to the properties levied on, but finding that appellants were hindering and obstructing the execution and that the matters presented to the State court were in substance the same as had been before presented in vain in the district court and to the circuit judge, and that plaintiff-appellees would suffer irreparable injury, he granted a sweeping injunction against further obstruction of the execution. This order is before us on appeal, with an application for its stay pending appeal.

There is no merit in the contention that another judgment in the district court must have been entered before execution could issue. It was in the power of the appellate court to modify the decree in equity appealed from and then affirm it. The mandate to the district court fully showed the modified judgment which provided for its enforcement by execution. Nothing more was needful. An equitable

lien was declared against certain property, but there was no execution ordered against it. It appears to be community property in the hands of Cornell's administrator and no execution is issuable against him or the community property because under administration by the State probate court. But against the estate of Mrs. Cornell, which is jointly liable, execution was ordered, and it need not wait on the administrator's sales.

By Articles 3436 and 3437, Vernon's Civil Statutes of Texas, a testator may provide in his will that nothing be done in the probate court beyond probate of the will and the filing of an inventory and appraisement and list of claims, and a creditor may sue the "independent executor" and after one year have judgment and execution running against the estate in his hands. The independent executor is not an officer of the probate court administering for it a fund in its control. The principles of comity between federal and State courts have no application to him. He is a sort of trustee administering his trust according to the will and the applicable laws, but not under the immediate control of a court. If the estate is or becomes insolvent he must see that a creditor with an execution obtains no preference over others of equal rank, and may enjoin a sale to prevent it. Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570. Even if such creditor buys property at sheriff's sale he gets no preferential position. Woods v. Bradford, Tex.Civ.App., 284 S. W. 673. The cases are reviewed in Pottinger v. Southwestern Life Ins. Co., Tex. Civ.App., 138 S.W.2d 645, 647. Doubtless the independent executor could put the estate into the hands of his probate court for administration, and perhaps into the hands of any court of equity having jurisdiction. But the bill in the State court in this record does not do that. It seeks only to hold off a levied federal execution while the independent executor is left to his own devices. A very slim case appears to show any threatened preference of one creditor over another, for the only other creditor suggested is an estate tax claim of the United States pending before the Board of Tax Appeals, which could not amount to much against an insolvent estate. In so simple a situation the federal court of equity which issued the execution can easily do all necessary equity by ordering a part of the sale price held up to await a decision of the tax claim. There was no occasion for the State court of equity to be entered. Relief was properly at first sought in the district court, and is properly now sought by reference to the former proceedings.

The former adverse orders in the district court and the refusal to interfere of the circuit judge create no estoppel. They were interlocutory and discretionary orders and not final decrees. The withdrawal of the former appeal gave them no greater force. There is no res judicata.

It seems that the property levied on which now is asserted to be community property was at first inventoried as the estate of Mrs. Cornell and not inventoried in the estate of Mr. Cornell because Mr. Cornell had stated that he had made his wife a deed of gift to it and had delivered it to a named man for her. No such deed is of record or can be found and the man asserts he knows nothing of it. The representatives of both estates now plead that the property is community. If so, the execution ought not to attempt to sell it as Mrs. Cornell's separate estate. The records show no title in her. The bidding public would be confused, and the property could not bring its value. The district court has all the necessary parties before it and should, as the answer in these proceedings prays, enquire into the title, declare to which estate the properties severally belong, and remove any clouds from the title that now exist. We affirm the grant of the injunction, treating it as a temporary one, and direct further proceedings as above indicated, and that a sale be stayed meanwhile.

Affirmed with direction.