Syllabus.

---

## GEO. T. TODD, ADMINISTRATOR v. R. S. WILLIS.

(Case No. 2047)

1. EXECUTORS—CONTROL OF PROBATE COURT—ADMINISTRATION.—The management of the estate of a deceased person and the disposition of property by executors acting under a will which withdraws the estate from the general control of a probate court, is to be deemed within the meaning of the law, and "administration."

2. SAME—SALE—EFFECT.—A sale of property under such an administration, through the act of an executor or under a decree against him by a court having jurisdiction to render it, would require the property of the estate so disposed, of to be considered, as administered as fully as though it had been sold in an ordinary administration under an order of a probate court. In the one case as in the other, property would be said to be administered or unadministered under the same state of facts.

3. ADMINISTRATOR DE BONIS NON—DUTIES.—The provisions of Arts. 1959-1961, Revised Statutes, regulating the appointment of an administrator *de bonis non* and declaring his duties and powers, are the same as those of Paschal's Disgest, 1376, and it is evident that the duties of such an administrator extend only to the estate not administered.

4. SAME—SALE BY ADMINSTRATOR—FRAUD—CASES REVIEWED.—DeWitt v. Miller, 9 Tex., 248; Cochran v. Thompson, 18 Tex., 652; Giddings v. Steele, 28 Tex., 748; Parson v. Burdett, 26 Tex., 157, and Forniquet v. Forstall, 34 Miss., 96, reviewed and the doctrine that an administrator *de bonis non* has the power to maintain a proceeding to set aside a fraudulent sale made by a former administrator, even when such sale has been confirmed by the probate court, preferred to that held in McDonald v. Alford, 32 Tex., 36, and Brown v. Franklin, 44 Tex., 564.

5. SAME—ADMINISTRATION WITHOUT CONTROL OF PROBATE COURT—FORECLOSURE OF LIEN AND SALE—EFFECT.—The administrator *de bonis non* of the estate of E. instituted proceedings against a purchaser at sheriff's sale to set aside the order of sale and sheriff's return, and cancel the sale and sheriff's deed, alleging that the purchaser and others recovered a judgment against three persons as the executors of the will of E., who were administering the estate without the conrtol of the probate court under the terms of the will ; that the judgment declared a vendor's lien on a valuable tract of land and ordered it sold; that the purchaser and one of the executors conspired to defraud the estate (setting out the fraudulent acts), and did defraud the estate by enabling the purchaser to buy the land for a nominal price, etc.; that shortly after the sale one of the executors died, and the two survivors "fraudulently failed and refused to have the fraudulent sale set aside." *Held:*

(1) If the property was not disposed of in due and proper course of administrations but in a manner and upon terms which operated as a fraud upon creditors as well as distributees, it was *unadministered*, as against any person participating in the transaction or cognizant of it.

(2) If the averments of the petition were true, two of the executors, at least, had the right and power to maintain this proceeding, and it was their duty to do so.

(3) The administrator *de bonis non* succeeded to all their rights and powers. His powers were broader than such representatives exercised under the English law as administered in the ecclesiastical courts. (R. S., 1956.)

(4) Under Art. 1960, Revised Statutes, he could not only become a party to

litigation against the former executors prior to the rendition of a judgment, but could he do so after judgment by instituting the proper proceedings to have the judgment revised.  He could also make himself a party to any litigation necessary, after the rights of the parties had been finally settled by a judgment, to prevent an abuse or fraudulent use of the process through which the parties were authorized in good faith to enforce the judgment.

(5) He became the representative of the estate, a trustee for the creditors and distributees alike, taking his title from the deceased and not from his predecessors; he had the same rights and powers as his predecessors, and could do what they failed or neglected to do for the preservation of the estate.

(6) For the purposes of administration the title and right of the administrator *de bonis non* was superior to that of the heir, creditor or other distributee, and he could preserve or recover the estate when others sought to misapply it.

(7) In this instance he practically came into the case under the judgment in which the sale was made, and but asserted the right which the executor might have asserted, continuing the administration in one of its most important requirements.

(8) If the allegations of fraud were correct, the sale was voidable, and not void.

APPEAL from Marion.  Tried below before the Hon. W. P. Mc-Lean.

The opinion states the facts.

*H. McKay* and *Geo. T. Todd*, for appellant, cited : R. S., Arts. 1947, 1959–1962; Ayerys *v.* Dupree, 27 Tex., 601; Cook *v.* Sparks, 47 Tex., 31; Green *v.* Rugley, 23 Tex., 539; Cunningham *v.* Taylor, 20 Tex., 130; 2 Tex., 184; Giddings *v.* Steele, 28 Tex., 748.

*G. E. Mann*, for appellee, cited : Brown *v.* Franklin, 44 Tex., 564; Johnson *v.* Hogan, 37 Tex., 80; Murphy *v.* Menard, 11 Tex., 677; McDonald *v.* Alford, 32 Tex., 35; Johnson *v.* Morris, 45 Tex., 465; Beall *v.* New Mexico, 16 Wall., 535, 540, 541; Stelle *v.* Atkinson, 14 Shand., 157, s. c. 37 Am. Rep., 730; R. S., Arts. 1959, 1960; Pas. Dig. Laws, Art. 1376, Hart. Dig., Arts., 1224, 1127; Schouler's Ex. and Admin., secs. 2, 360, 408.

STAYTON, ASSOCIATE JUSTICE.—The petition or motion filed in this case alleges, in substance, that on May 24, 1881, E. H. Campbell, R. S. Willis and others recovered a judgment against three persons as the executors of the will of B. H. Epperson, who were administering the estate of the deceased without the control of the probate court under the terms of the will.  That this judgment was for $21,708.57, and that therein a vendor's lien on a valuable plantation in Brazoria county was declared, and the land directed to be sold as under execution to

satisfy the judgment.    It further alleges that an order of sale issued, which was levied on the land, and it advertised for sale at the next sale day; but that the sale was postponed from time to time until the first Thursday in November, 1881, at which time it was sold to R. S. Willis for the sum of $2000.

It also alleges that one of the executors died soon after the sale, and that the other executors continued to manage the estate, without bond, and without the control of the probate court, until sometime in the year 1884, when, upon application made by some creditors of the estate they were required by the probate court to give a bond, which failing to do they were removed from the administration, and that, thereupon, the appellant was appointed and qualified as the administrator *de bonis non* of the estate.    On April 3, 1886, the person so appointed filed the petition or motion now before us, against R. S. Willis, to set aside the order of sale, sheriff's return thereon, and to cancel the sale at which Willis bought, as well as to cancel the deed made to him by the sheriff. As grounds for the relief prayed, it is alleged that the land sold for a grossly inadequate price; that at the time of the sale it was worth $150,000; that it was agreed between Willis and the other persons interested in the judgment, before and at the time of sale that Willis should bid in the land for a nominal price, Willis agreeing to pay to such persons some amount of money, the amount not stated, and they to convey to Willis or to some person for him their several interests in the judgment.

As further ground it is alleged that one of the executors and Willis, before the sale, conspired to defraud the estate of Epperson and the creditors thereof, and to acquire through the sale, title to the land for themselves, and that for this purpose they caused the sale to be postponed from time to time and discouraged other persons from bidding on the land; that Willis was in possession of the land, on which was a valuable sugar plantation, and that to it he asserted some character of claim, when in fact he had none, and that he used his possession of the land for the purpose of disparaging the sale for the purpose of acquiring the land for himself and one of the executors; that the designs, intent and acts of Willis were known to the executor who acquiesced in and promoted the same.

It further alleges that the two surviving executors, one of whom was the person alleged to have been acting with Willis, "fraudulently failed and refused to have the said fraudulent sale set aside, or to attempt so to do, by any proceedings in this court."

The prayer is, "that all proceedings under said order of sale be set aside and avoided, and that said sale and deed to the said Willis be

set aside and cancelled, and the said land be restored to this administrator, to be administered in the due course of administration.''

There were many exceptions filed to the petition, all of which were overruled by the court, except the fourth, seventh and ninth, which questioned the right of the administrator *de bonis non* to prosecute this motion; but these were sustained and the cause dismissed. To test the correctness of this ruling the matter is now brought before this court. The grounds on which the appellee seeks to sustain the judgment of the court below, are thus clearly stated in the brief of his counsel :

1. ''That where land has passed through administration, and the title vested under valid decree ordering sale by deed thereunder, only voidable, the land has been administered, and an administrator *de bonis non* cannot have this sale, made prior to his appointment, set aside and title revested in the estate, the heirs or creditors being the only parties who have the right to bring such a suit.''

2. '' If the sale, under foreclosure of the vendor's lien, is a forced sale, it was still an administration of the property sold. The decree and order of sale, and deed thereunder, being the legal manner of passing the title from the estate to the purchaser, and the property does not pass to the administrator *de bonis non* as unadministered.''

3. ''The accrual of a cause of action to the heirs or creditors by *devastavit* is a right personal to them, and the fact that it accrues to them is to the exclusion of a right of action to an administrator *de bonis non* as creditors and heirs can only sue when the property has been administered.''

We have no doubt that the management of the estate of a deceased person, and the disposition of property by executors acting under a will which withdraws the estate from the general control of a probate court, is to be deemed, within the meaning of the law, an ''administration.'' Nor have we any doubt that a sale of property under such an administration, through the act of an executor or under a decree against him by some court having jurisdiction to render it, would require the property of the estate so disposed of to be considered as administrated, as fully as though it had been sold, in an ordinary administration, under an order of a probate court; and that, in the one case as in the other, property must be said to be administered or unadministered under the same state of facts.

The law now in force, regulating the appointment of an administrator, *de bonis non,* and declaring his duties and powers, are the same as enacted by the act of March 20, 1848. P. D., 1376; R. S., 1959–1961. That the duties of such an administrator extend only to the estate

not administered is evident; and the question which arises in this case is: Has the land, the administrator seeks to set aside by this proceeding, been "administered" if the facts alleged by him are true?

That there is some apparent conflict in the decisions in this state upon this question seems true, but it may be that this is more apparent than real. The statute upon which this question depends having been several times construed, for the purpose of ascertaining the power given to, and duties imposed upon an administrator *de bonis non* by it, we will briefly consider these cases with a view to ascertain what the true rule upon this subject is, as established by the cases.

The case of DeWitt *v.* Miller, 9 Tex., 248, does not seem to have called for an opinion upon the question before us; but the declarations of the distinguished judge who gave the opinion are such that we will quote them; they are: "It is further urged by the appellant, that the appellee, as an *administrator de bonis non*, could not set up the fraud of the former administrator, Clements, so as to avoid the judgment in the former suit, had the former decree been against Clements, as administrator, and conclusive against Miller's estate, and had it been fraudulently obtained, in collusion with the then plaintiff, yet I apprehend the land would still be assets of the estate of Miller, and, as such, pass into the hands of the *administrator de bonis non;* and that he might, on showing of the fraud, have the judgment set aside, and the land conveyed to himself. Such is the rule when assets have been fraudulently aliened by an administrator, in collusion with the vendee; and the fact that a judgment had intervened, if obtained through fraud, cannot affect the principle, or vary the rights of the parties."— (1 Williams on Ex., p. 783, and cases cited.)

In Murphy *v.* Menard, 11 Tex., 637, an action was brought by an administrator *de bonis non,* against a former administrator, to set aside the settlement of his account as administrator made by the probate court, and it was held that he could not maintain the action, which was given, by the statute, only to persons interested in the estate.

Cochran *v.* Thompson, 18 Tex., 652, was a case in which an administrator, *de bonis non,* brought an action to set aside a sale made, under an order of the probate court, by a former administrator, upon the ground of fraud and collusion between the administrator and the vendee, in that by an agreement between them the land was purchased by the vendee for the benefit of the administrator as well as himself.

It was urged that the administrator *de bonis non* could not maintain the action, but in disposing of the case it was said: "The second ground, viz., that the plaintiff has no authority as administrator *de bonis non* to bring this suit, would have been conclusive if the sale of

the land by Cochran, the former administrator, was an act done in due course of administration. The power of an administrator *de bonis non* extends only to property which has not been administered. That which has been administered does not come within the scope of his grant. But the petition charges, in substance, that the land was fraudulently sold by Cochran, the former administrator, for his own use, in collusion with Shannon, the vendee. If so, and on demurrer, it must be taken as true, the land, in consideration of equity, remains unadministered. As such, it passed to the plaintiff as administrator *de bonis non*, and he had authority to bring this suit to set the sale aside." (1 Williams on Ex., 783; 2 *Id.*, 779.)

Giddings *v.* Steele, (28 Tex., 748,) was an action brought by an heir to recover land and to set aside an administrator's deed made in pursuance of an order of the probate court, on the ground of a fraudulent confederation between the administrator of the estate and the vendee. A question was made by the court whether the heir could maintain the action in the absence of a showing that the administration had been closed, but was not decided. But in considering the case the court said: "If the sale of the certificate was fraudulently made, and for that the sale would be cancelled, the law regards it as unadministered assets of the estate, and it would properly pass back into the hands of the administrator of the estate, to be disposed of in due course of administration. (2 Tex., 182; 15 *Id.*, 604.) If necessary the administrator who makes the fraudulent sale can be removed for that cause, and an administrator *de bonis non* appointed in his stead."

After considering the question of the right of the heir to sue on the claim that the administration under which the sale was made was void, the opinion proceeds: "But it would seem that this rule would not obtain, if the administration of Flannikin be legal and valid and still open; nor do we think that it makes any difference in this respect if the sale to Giddings be fraudulent, for, in that state of the case, the sale would be cancelled on account of the fraud, and the land would fall back into the estate for administration, and the administrator *de bonis non* could recover it on that ground from Giddings, and the land again be sold to pay the debts against the estate."

Burdett *v.* Silsbee, 15 Tex., 605, and same case Pearson *v.* Burdett, 26 Tex., 157, was an action brought by an administrator *de bonis non* to recover land sold, under an order of a probate court, by a former administrator, and the invalidity of the administration as well as a fraudulent collusion between the administrator and the vendee were set up as ground for holding the sale invalid. It was held that in that collateral action the validity of the administration could not be ques-

tioned, but that the plaintiff would be entitled to recover the land if the fraud alleged was proved, unless defeated by limitation based on adverse possession of the land.

No question seems to have been raised as to the right of the administrator *de bonis non* to maintain the action; but in the first opinion the court said: "If the plaintiff can prove, as he insists, that there was fraud in the sale, to which the defendant was privy, or of which he is chargeable with notice, then, it is true, his title will not protect him in his possession or improvements;" and in the last opinion it was said: "As a mere question of the validity of Burdett's title, it is true, as stated in the opinion above quoted, the plaintiff was in a situation to avoid Burdett's deed for fraud and have it set aside, being the administrator of Silsbees estate."

In Evans *v.* Oakley, (2 Tex., 184,) it appeared that an administrator had pledged to the defendant, to secure a loan of money to himself, some of the property of the estate, and on suit brought by the heirs to recover the property, it was held that they could not maintain it; and, the administrator having died, that an administrator *de bonis non* would have the right to maintain the action. In this case, however, the title had not passed by a voidable conveyance, for the administrator had only sought to encumber the property with a lien.

McDonald *v.* Alford, (32 Tex., 36,) was an action brought by an administrator *de bonis non* with prayer to set aside an order of the probate court, procured by a former administrator, to sell property of the estate, and to set aside the order of that court confirming the sale, and to recover land which had been located under the land certificates sold. The grounds alleged for the relief were that, the administrator corruptly confederated and agreed with the vendee that he should buy the certificates at the sale for the benefit of himself and the administrator; that he did so, and executed a note to the administrator, to give the appearance of honesty to the transaction, which was subsequently surrendered to its maker without payment; that the sale was falsely reported to the probate court as a fair sale, and thereby a decree of confirmation obtained, and that subsequently the administrator asserted claim to the certificates, caused them to be located on the land sought to be recovered, and afterwards sold the land to a defendant, who had notice of the fraudulent manner in which the certificates had been obtained.

In disposing of the case the court discussed two questions:

1. "Can an administrator *de bonis non* institute a suit in the district court to vacate a decree of the county court, obtained by his predecessor?"

2. "Can an administrator *de bonis non* unite in the same suit an action against his predecessor to set aside an order of the county court and an action of trespass to try title against another party for lands situated in a county different from the one in which the suit is brought?"

The question last stated can have no bearing upon the one before us, and the negative of the first proposition might be admitted without affecting the rights of the parties in this case; for there is neither prayer nor necessity for prayer that any judgment or decree of the district court in the case of Campbell and others *v.* Rurrell and the other executors be set aside in order to give the relief sought in this case.

In the consideration of the case, the court seems not to have considered the averments of fraud claimed to have been perpetrated in the sale, or to have regarded them as showing mere irregularities, for in the course of the opinion, in discussing the power of the administrator *de bonis non* to maintain the action, it is declared that "he is a successor of the former administrator, and he has no power or authority to attempt to impeach, set aside, or undo what his predecessor may have done, however irregular it may have been."

The opinion, however, holds that under the averments of the petition the administrator *de bonis non* was not entitled to maintain the action. The case of Johnson *v.* Hogan, 37 Tex., 78, is difficult to understand, from the statement of it given in the opinion; but it evidently has no bearing on the question before us, except that it contains some general expressions as to the power of an administrator *de bonis non* to sue upon the bond of a former administrator, which, it seems to us, the parties before the court when the case was tried, and the facts as we can gather them, did not call for.

In Brown *v.* Franklin, 44 Tex., 564, it appears that an administrator *de bonis non* brought an action against a former administrator and one of the heirs of the intestate to annul and set aside the allowance by the administrator, and approval by the probate court, of a claim which that heir had against the estate, and to cancel and annul an order of sale, and sale thereunder, of a lot which belonged to the estate and was brought by the heir against whom this relief was sought.

This relief was asked on the ground of combination, collusion and fraud between the former administrator and the purchaser in the approval and allowance of the claim, and in making the sale, as well as in its confirmation. From the report of the case, this is all we can ascertain in relation to the matters above stated. It was, however,

held in the case that the administrator *de bonis non* could not maintain the action; and so, upon the authority of Murphy *v.* Menard, and Johnson *v.* Hogan, evidently upon the sole ground that no relief could be given, so long as the decrees of the probate court ordering and confirming the sale were not set aside by some revisory proceeding instituted by creditors or distributees of the estate.

It seems to us that the two cases cited, to sustain the opinion, do not support it; for neither of them are cases in which relief was sought on the ground of a fraudulent collusion between an administrator and a vendee; but were cases, as said in Johnson *v.* Morris, 45 Tex., 465, involving the naked right of an administrator *de bonis non*, by suit on his predecessor's bond in the district court, to correct and revise the action of the probate court on his accounts.

It may be conceded that the case last considered, and the case of McDonald *v.* Alford hold that even in cases in which it is alleged that a sale of the property of an estate has been made through fraudulent collusion between an administrator and a vendee, such as would entitle a creditor or distributee to have it set aside, that this cannot be done at the instance of an administrator *de bonis non* if the sale has been confirmed by a probate court, and so, upon the theory that property so sold has been, within the meaning of the law, administered. It seems to us that the rule announced in the other cases to which we have referred is the better and sounder rule by which to test the power of an administrator *de bonis non*.

It is held in Mississippi that an administrator *de bonis non* has the power and right to maintain a proceeding to set aside a sale made by a former administrator if it be shown that the sale was fraudulently made. Forniquet *v.* Forstall, 34 Miss., 96.

The cases to which we have referred were cases in which sales had been made by administrators and the sales confirmed by the probate court, and have been referred to for the purpose of illustrating the rule even in that class of cases. It is, however, not necessary in this case to determine what the true rule in that class of cases is, for in the case before us the sale was not strictly a judicial sale, it neither required nor received judicial sanction through a decree of cofirmation. It was a sale, although made under an order of the court declaring and enforcing a lien, in which the sheriff, a ministerial officer of the law determined for himself that the facts existed which constituted a sale and authorized him to execute to the purchaser a deed to evidence his right to the property. The case, then, is before us unencumbered with a judicial declaration that the property *has been adminis-*

*tered,* and the question is, has the property been disposed of in due or proper course of administration? If so, the administrator *de bonis non* has no power over it or duties to perform in regard to it. It is administered.

If, however, it has not been so disposed of, but disposed of in a manner and upon terms which operate as a fraud upon creditors as well as distributees, then it ought to be held to be unadministered, as against any person participating in the transaction or cognizant of it. The statutes of this state give to administrators *de bonis non* powers broader than such representatives have ordinarily been held to have, under the English law, as administered in the ecclesiastical courts, as a reference to the statutes will show. He "succeeds to all the rights, powers and duties of the former executor or administrator, except such rights and powers conferred on the former executor by the will of the testator as are different from those conferred by this title on executors generally," is the declaration of the statute. R. S., 1959.

Did the executors of the will of B. H. Epperson have the right or power to maintain this proceeding if the averments of the petition are true? Two of them, at least, had such power and right, and duty to creditors and distributees of the estate, as well as the securing of protection to themselves from the claims of such persons, demanded that they should have been exercised, if the averments are true. The right and power they had, the appellant has in this respect. Such an administrator becomes the representative of the estate, and may make "himself a party to all suits prosecuted by the former executor or administrator of the estate, and may be made a party to all suits prosecuted against the former executor or administrator of the estate." R. S., 1960.

This involves the power and right, not only to become a party to litigation against the former executor or administrator prior to the rendition of a judgment, but so to become after judgment, for the purpose of having the proceedings which led to the judgment revived by any proceeding given by law for that purpose; and further, to make himself a party to any litigation necessary, after the rights of the parties had been finally settled by a judgment, to prevent an abuse or fraudulent use of the process through which the parties were authorized in good faith to enforce the judgment. "He shall have power to bring suit on the bond or bonds of the former executor or administrator, for all the estate that has not been accounted for by such former executor or administrator." "Such administrator shall proceed to administer such estate in a like manner as if his administration was a continuance

of the administration of the former executor or administrator, with the exceptions hereinbefore named.''

Administration consists in the due application of the thing to be administered to the contemplated purpose or purposes, and if this has not been done by a former executor or administrator, a continuance of the administration requires that the subsequent administrator shall take such steps as will result in administration. He becomes the representative of the estate, a trustee for the creditors and distributees alike; takes his title from the deceased and not from his predecessor, and has just the same rights and powers as had his predecessor, and may do what he failed or neglected to do for the preservation of the estate. For the purposes of administration the title and right of even an administrator *de bonis non* is superior to that of the heir, creditor or other distributee; the estate for that purpose is withheld from the heir; and it would be singular, indeed, if the law has failed to empower the only person who can administer, to preserve or recover the estate when others have attempted to misapply it, and that the heir, creditor or other distributee has the right or power to do this, when, if such persons exercised the power and have property declared to still be a part of the estate, it must pass into the hands of an administrator to be administered.

The law pursues no such unnecessary or circuitous methods. In the case before us the administrator *de bonis non* practically comes into the case under the judgment in which the sale was made, and but asserts the right which the executors might have asserted. He continues the administration in one of its most important requirements. It is urged that the administrator *de bonis non* can only assert the right of the estate if the attempted sale be void, and that if it be voidable only a creditor or creditors, distributee or distributees alone can have it set aside.

If the attempted sale was void it needs not to be set aside; it interposes no obstacle to administration. It is only in cases in which by reason of fraud, collusion or other invalidating fact, the sale is voidable, that it becomes necessary to have it set aside. The cases to which we have referred were cases in which the sales were voidable on account of fraudulent collusion between the representative of an estate and a vendee. The better ruling is that fraud renders a sale voidable but not void. The court below overruled all the demurrers of the appellee except such as questioned the right of the appellant to maintain this proceeding, and we are not called upon to pass upon that ruling, nor upon any other matter in the case, other than that we have considered.

We think the appellant has power and right to maintain this proceeding, and for the ruling of the court below to the contrary, its judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 12, 1886.]
[Associate Justice Gaines did not sit in this case.]