## IDA STEPHENSON, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62825.   Promulgated October 22, 1935.

M. J. Arnold, Esq., and R. S. Cozby, Esq., for the petitioner.
P. A. Bayer, Esq., and R. B. Cannon, Esq., for respondent.

254

256

OPINION.

BLACK: Petitioner's only contention is that the respondent erred in adding to her net income the above described net amount of $55,328.01. She contends that the three items of income and the deduction making up this net amount were the income and deduction of the estate of L. L. Stephenson, deceased, and were correctly reported by petitioner as independent executrix on the fiduciary return, form 1041.

The respondent's position is contained in the opening statement and oral argument of his counsel, made in place of a brief. In his opening statement counsel said:

Of course, it is our position that the petitioner and her husband owned certain property as community property. When the husband died she was the sole beneficiary named in the will, and having first of all one-half of the community property, and having inherited the second half, subject to any debts, I assume that she owned the entire property, and that the income from the property is the income of the petitioner.

In support of the above stated position, counsel for the respondent in his oral argument cited as authority articles 3662, 3449, and 3436 of Vernon's Annotated Texas Statutes, and *Parks* v. *Knox*, 61 Tex. Civ. App. 493; 130 S. W. 203. These articles are as follows:

ART. 3662. (3593) (2220) (2165) *Where there is no child.*

Where the husband or wife dies intestate, or becomes insane, having no children, and no separate property, the common property passes to the survivor, charged with the debts of the community; and no administration thereon or guardianship of the estate shall be necessary.

Art. 3449. (3376) (2009) (1956) *Administration under will.*

The administration of an estate under a will shall in all respects be governed by the provisions of the law respecting the administration of intestates' estates, except where it is otherwise provided by law or by the provisions and directions of the will.

Art. 3436. (3362) (1995) (1942) *Testator may provide that no action be had in court, etc.*

Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate.

Under the above articles the respondent contends that no administration of the decedent's estate was necessary or in fact took place; that therefore there was no " Income received by estates of deceased persons during the period of administration or settlement of the estate " as that clause is used in section 161 (a) (3) of the Revenue Act of 1928; that there was no net income of an estate to be computed under section 162, no tax to be paid by the fiduciary under section 161 (b), and no return to be filed under section 143, all of the Revenue Act of 1928; that the three items of income and the one item of deduction for interest paid that were reported on form 1041 should have been reported in petitioner's own individual return; and that, under section 23 (c) of the Revenue Act of 1928 and article 154 of Regulations 74, petitioner was not entitled to deduct on her own individual return the state inheritance and Federal estate taxes paid in the total amount of $55,328.01.

Petitioner is not contending that she is entitled to deduct the state inheritance and Federal estate taxes amounting to a total of $55,328.01 in her individual income tax return. She concedes that under section 23 (c), *supra*, such taxes are " allowed as a deduction only to the estate." She merely contends that certain income which the respondent has determined to be her income was in fact and in law the income of the estate, so that the estate would have income from which such taxes could be deducted.

Since the decedent herein died testate rather than intestate, since he was not insane, and since he and the petitioner had two minor children and an adopted daughter at the time of his death, we fail to see wherein article 3662, *supra*, is at all applicable to this case. Of course, it is the respondent's contention that, since article 3449, *supra*, provides that except for certain stated provisions the administration of an estate under a will shall be governed by the " law respecting the administration of intestates' estates ", it is the last clause of article 3662 that is applicable here. We doubt very much the correctness of this contention for the reason that the estate here in question was being administered by an independent executrix. See

*Stevenson* v. *Roberts*, 25 Tex. Civ. App. 577; 64 S. W. 230, 234. In that case the court, after quoting in full article 3449 (then art. 2009, Rev. Stat.), said:

> It is doubtful if this provision was intended to apply to independent executors. It appears rather to be intended to apply to a judicial administration by an administrator under the will, or by an executor without independent powers.

In any event, we are clearly of the opinion that there was an "administration" of the decedent's estate within the meaning of that term as used in section 161 of the Revenue Act of 1928. *Todd* v. *Willis*, 66 Tex. 704; 1 S. W. 803; *Garrett J. Donnelly et al., Executors*, 31 B. T. A. 577. In the *Todd* case the Supreme Court of Texas said:

> We have no doubt that the management of the estate of a deceased person, and the disposition of property by executors acting under a will which withdraws the estate from the general control of a probate court, is to be deemed, within the meaning of the law, an "administration."

We have examined *Parks* v. *Knox*, *supra*, and find nothing therein which is contrary to our holding in the *Donnelly* case, *supra*, which was exactly in point with the instant case.

It only remains for us to decide whether the estate of L. L. Stephenson, deceased, was in process of administration until at least the close of December 31, 1929, and whether the three items of income and one item of deduction for interest paid were the income and deduction of the estate or the income and deduction of petitioner in her individual capacity.

We think the evidence clearly shows that the estate was in process of administration until at least the close of December 31, 1929. At that time the lawsuits in causes numbered B–47878, 33796, and 8585 were still pending and the $100,000 in bonds deposited in escrow on April 17, 1929, by Ida Stephenson individually and as independent executrix of her deceased husband's estate had not then been released and were not in fact released until about April 4, 1930. We therefore find as a fact that the estate of L. L. Stephenson, deceased, was in process of administration or settlement until at least the close of December 31, 1929.

We come now to the more troublesome question of fact as to whether the evidence offered by petitioner proves that the three items of income and one item of deduction for interest paid were in fact the estate's income and deduction rather than petitioner's. The respondent has determined that the net amount of these four items, namely, $55,328.01, was taxable to petitioner in her individual capacity, and the burden of showing otherwise is on the petitioner. *Wickwire* v. *Reinecke*, 275 U. S. 101.

The theory of petitioner is that there was an estate in process of administration during the taxable year (and on this point we have sustained petitioner); that the property which was owned by L. L. Stephenson and his wife, Ida Stephenson, prior to his death was community property in which each owned a one-half interest and upon the death of L. L. Stephenson, his estate continued to own his one half of the property and Mrs. Stephenson owned her one half; that during the taxable year petitioner, in her individual capacity and as independent executrix of her husband's estate, partitioned the property, distributing one half thereof to herself and one half to the estate; that she returned on her individual income tax return the income from the one half of the property which was distributed to her as an individual and on the fiduciary return which she filed for the estate she reported the income from the property which was partitioned to the estate; and that, after giving effect to certain deductions, the remainder of the income partitioned to the estate, amounting to $19,357.63, was distributed to petitioner as the sole beneficiary of the estate and returned by her on her individual income tax return.

There seems to be no doubt that under the laws of Texas an independent executor has the right to make such a partition. The case of *Parks* v. *Knox, supra,* holds as follows:

Being authorized by will to administer independently of the probate court, the executors could determine for themselves when they would surrender their rights and powers over the estate to the distributees.

Where executors are empowered to act independently of the probate court, they may close the administration, or surrender all or any portion of the property to the heirs or devisees, without the formality of judicial sanction, and the same legal consequences follow.

Was there such a partition made as the petitioner claims? We do not think the evidence is sufficient to establish such a partition. The stipulation which has been filed does not show any partition. The only witness who testified concerning the alleged partition was E. G. Hendrix, accountant and business manager of both the estate and petitioner. He testified: "We assigned certain of those properties to her (Mrs. Ida Stephenson as an individual) and certain of them to the estate." On cross-examination the following questions and answers of the witness relating to the above testimony appear:

Q. How was that done?
A. By segregating them and keeping them separate in the books.
Q. In other words, the only segregation as I understand it, is on this book which you have in your lap at the present time, is that right?
A. Segregation of the properties, yes sir.
Q. Did anybody else know anything about that besides you and Mrs. Stephenson?
A. No, and the attorney.

Q. So that when you have been referring to partitions here during your direct examination, what you meant was that an account was opened in this book in which certain assets were listed as being estate assets, is that right?

A. Correct.

From a careful review of all the evidence we conclude that what was actually done was substantially this: The estate was a large estate, thoroughly solvent, and there was no need for the independent executrix to retain in the estate all the decedent's interest in the community property, so she distributed certain of the property, bonds, notes, etc., to herself as an individual. This she had a right to do, being the sole legatee and devisee under the will. The income from the property thus distributed is not in controversy here. Certain other of the community property was not distributed during the taxable year. The estate owned a one-half interest in this property and Mrs. Stephenson owned the other half.

The instant case is distinguishable from that of *Garrett J. Donnelly et al., Executors, supra*. In that case the decedent, A. M. Donnelly, and his wife, Catherine, owned as community property 5,373⅔ shares of stock in the Eastland Oil Co. After Donnelly's death, the stock was divided and certificates were issued for 2,686⅚ shares to Catherine Donnelly and 2,686⅚ shares to her as executrix of the estate of A. M. Donnelly, deceased. Under those circumstances we held that the dividends on the 2,686⅚ shares belonging to the estate were not taxable to Catherine Donnelly in her individual capacity. As we have already pointed out, we can not hold under the evidence in this case that there was any such definite partition of the assets as there was in the *Donnelly* case. Therefore the resulting taxation is not the same.

We therefore find as ultimate facts that the item of interest amounting to $30,379.71, reported as item No. 2 on form 1041, was the total interest received between January 19, 1929, and December 31, 1929, on community property or on the investment of the proceeds from such property owned by decedent and his wife at the time of his death and in which the estate still owned a one-half interest; that the item of dividends, amounting to $44,300.64, reported as item No. 7 on form 1041, was the total dividends received between January 19, 1929, and December 31, 1929, on community property or on the investment of the proceeds from such property owned by decedent and his wife at the time of his death and in which the estate still owned a one-half interest; that the item of other income amounting to $8.65, reported as item No. 8 on form 1041, was one half of an insurance dividend received between January 19, 1929, and December 31, 1929, on community property owned by decedent and his wife at the time of his death; and that the other one half of the insurance dividend just referred to was

reported by petitioner in her individual return, form 1040. No evidence was offered with respect to the item of interest paid in the amount of $3.36, reported as item No. 10 on form 1041.

The conclusions we reach from the findings set forth in the previous paragraph are that the respondent erred in increasing petitioner's net income taxable at normal and surtax rates by one half of $30,379.71, plus one half of $44,300.64, plus $8.65, or a total amount of $37,348.82. The evidence offered by petitioner proves to our satisfaction that this total amount of $37,348.82 was properly the income of the estate of L. L. Stephenson, deceased. Under sections 161, 162, and 143 of the Revenue Act of 1928, we think petitioner, as independent executrix, was not only entitled, but was required by law, to file a return for the estate and report therein the said amount of $37,348.82, from which she was entitled to take allowable deductions.

*Decision will be entered under Rule 50.*