*Decision will be entered under Rule 50.*

ESTATE OF ROBERT W. HARWOOD, RICHARDSON HARWOOD AND THE NEW ENGLAND TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105753. Promulgated March 25, 1942.

*Joseph N. Welch, Esq.,* for the petitioners.
*Martin M. Lore, Esq.,* for the respondent.

OPINION.

SMITH: The respondent has determined that the income of the estate of Blanche G. Harwood is taxable to the petitioners' decedent as an individual during the year 1938 and is not taxable to the estate as an entity. Two arguments are advanced to support this determination. In the first place, the respondent contends that as a matter of fact the estate was no longer in the process of administration during the taxable year and therefore it is not entitled to recognition as a separate taxable entity. In the second place, it is argued that since the decedent was the sole executor and the sole residuary legatee and all specific legacies and substantially all debts of the estate of Blanche G. Harwood had been paid prior to the taxable year, the decedent, Robert W. Harwood, was the substantial owner of the property comprising the estate, and that the income from that property is therefore taxable to him under section 22 (a) of the Revenue Act of 1938.

The evidence is clear and convincing to the effect that the estate in question was actually in process of administration during the taxable year. There was nothing arbitrary or capricious in the action of petitioners' decedent in continuing the administration of the estate during 1938. The executor on behalf of the estate was conducting a litigation against the Federal tax collector, which suit was not settled until June 1938 and not officially dismissed until October 1938. The controversy was bona fide in every respect and within a few months after its termination the most substantial assets of the estate were distributed to Robert W. Harwood, the legatee. In his individual income tax return for 1938 Robert W. Harwood reported all income received from the property after the distribution. The action of the petitioners' decedent was in good faith and under all the circumstances was entirely prudent and reasonable. It has repeatedly been held that under such circumstances the estate is still in process of administration and must be recognized as a separate taxable entity. *J. H. Anderson*, 30 B. T. A. 1275; *Garrett J. Donnelly et al., Executors*, 31 B. T. A. 577; *First National Bank of Birmingham, Guardian*, 31 B. T. A. 847; *Ida Stephenson*, 33 B. T. A. 252; *Whitaker* v. *United States* (U. S. Dist. Ct., Dist. Wyo.), 44 Fed. Supp. 484. Cf. *Effie Reed Buckner*, 45 B. T. A. 544.

*Woerishoffer* v. *United States*, 269 U. S. 102, relied upon by the respondent, is not in point. That case is concerned solely with the

question of whether the rights of the legatees were vested for the purposes of the imposition of a succession tax under the Spanish War Revenue Act.

The cited cases also dispose of the respondent's argument that on the authority of *Helvering* v. *Clifford*, 309 U. S. 331, the decedent was the substantial owner of the property, and that the income of the estate is therefore taxable to him in his individual capacity. In the *Clifford* case and similar cases cited by the respondent the owner of property *creating* a trust to which the property is transferred is held not to have lost his status as owner, because substantial elements of ownership were *retained*. Thus, in those cases, the trust created is not considered to be a separate taxable entity and the income of the trust property is taxable to the grantor. In the instant case, while the administration of the estate was reasonably continued the estate is recognized as a separate taxable entity by local law and for Federal tax purposes. During the same period of time the distinction between the personalities of the decedent in his capacity as executor and as an individual must be respected. The respondent's determination is therefore disapproved.

*Decision will be entered under Rule 50.*