Estate of James P. Luby, Deceased, Guaranty Title & Trust Company, Administrator v. Commissioner.
Estate of Luby v. Commissioner
Docket No. 109015.
United States Tax Court
1943 Tax Ct. Memo LEXIS 174; 2 T.C.M. (CCH) 544; T.C.M. (RIA) 43368; July 29, 1943
*174 B. D. Tarlton, Esq., 903-6 Nixon Bldg., Corpus Christi, Tex., and Wesley E. Seale, Esq., for the petitioner. Frank B. Appleman, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: This case involves income tax liability of the estate of James P. Luby, deceased, for the calendar years 1937 and 1938 in the respective amounts of $865.85 and $13,334.10. Two questions are involved (a) whether the estate was still in process of administration during the taxable years, and all the income, including the oil and gas royalties, is includible in estate income, and (b) if so, whether the estate is entitled to a deduction under section 162 (c), Revenue Acts of 1936 and 1938, of oil royalty proceeds received and credited during the taxable years by the Federal Land Bank of Houston, Texas, on certain indebtedness, as amounts properly paid or credited during such years to any legatee, heir or beneficiary. Findings of Fact James P. Luby, a resident of Nueces County, Texas, died intestate on December 22, 1932, leaving a widow, Mabel W. Luby, and eight minor children. The Guaranty Title & Trust Company of Corpus Christi, Texas, was appointed administrator of the *175 estate on April 17, 1933, by the Probate Court of Nueces County, Texas. It was also appointed guardian of the minor children. It filed fiduciary income tax returns as administrator of the estate for 1937 and 1938 with the collector of internal revenue for the First District of Texas. By January 1, 1937, all general claims against the estate had been paid. A mortgage indebtedness against certain business and residence property was settled in March, 1937 by the conveyance of the mortgaged property. James P. Luby, and after his death his estate, was indebted to Lorine Jones Spoonts and Alice Jones Eshleman, evidenced by two notes each in the sum of $25,000 executed by decedent and his wife and secured by a deed of trust, dated December 31, 1930, on certain of decedent's property, and to Lorine Jones Spoonts in the further sum of $2,000, evidenced by a note dated June 8, 1931, advanced under said deed of trust and secured thereby. On July 12, 1933, the principal and accrued interest due thereon amounted to $62,933.56 and the payees in said notes filed a claim with the Guaranty Title & Trust Company, as administrator, under Art. 3515a. Vernon's Civil Statutes of Texas Annotated, describing *176 the deed of trust and declaring the indebtedness secured thereby due and asking that a claim for the amount due thereon be allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract securing the lien. The Guaranty Title & Trust Company, as administrator of the estate of James P. Luby, deceased, allowed the claim on the 8th day of August, 1933, and thereafter the probate court entered the following order: The foregoing claim having been allowed by the Guaranty Title and Trust Company, Administrator of the Estate of James P. Luby, deceased, and having been filed with the Clerk and entered upon the Claim Docket of this Court for the time required by law, and having been by me examined and found correct, same is hereby approved, as a claim of the 3rd class, and the Administrator is hereby ordered to pay said claim in due course of administration, this the 7th day of May, A.D. 1934. Thereafter the administrator filed an application with the probate court for approval of and authority to renew and extend the loan then aggregating approximately $70,250, and the court on August 30, 1934, *177 entered its order in which it is stated: It duly appearing to said Court after hearing in regard thereto that it will be for the best advantage of said estate that said renewal and extension be made as specified in said application for the purpose of obtaining a lower rate of interest and additional time for payment of said indebtedness; it is accordingly ordered that such renewal and extension be made, and that all necessary notes and Deeds of Trust be executed by the Administrator as may be necessary for the consummation of said refinancing loans by the Federal Land Bank of Houston, Land Bank Commissioner, Lorine Jones Spoonts, and Alice Jones Eshleman, and that all actions of said Administrator in so doing are hereby authorized and approved, and same shall be fully binding on all the heirs, creditors and other persons interested in said estate. On August 16, 1934, two notes, one for $25,000 and one for $22,500 were executed by Guaranty Title & Trust Company, administrator of the estate of James P. Luby, deceased, and Mabel W. Luby, payable to the order of the Federal Land Bank of Houston, Texas. To secure the payment of said notes two trust deeds on certain property of the estate *178 were executed by the Guaranty Title & Trust Company, as administrator of the estate of James P. Luby, deceased, and Mabel W. Luby, a widow, described therein as mortgagors. It is provided in each of said trust deeds: For the purpose of further securing said indebtedness, Mortgagors hereby transfer and assign to the Bank all the royalties that may be due or that may hereafter become due and payable to Mortgagors under any oil, gas or mineral lease that may now be on said land or that may hereafter be placed thereon, and authorize the Bank to collect and receipt for all royalties due Mortgagors under any such lease. Mortgagors further assign unto the Bank all rents and delay monies, or any part thereof, as the Bank may from time to time designate, which may become due and payable to Mortgagors on account of any oil, gas or mineral lease or leases of any kind now existing or which may hereafter come into existence, covering the above described land or any part thereof. All monies received by the Bank under this paragraph shall be applied to the payment of matured installments on this loan, delinquent taxes or other matured indebtedness, provided that nothing herein shall be construed *179 as a waiver of the priority of the lien created by this deed of trust over any such lease made subsequent to the date hereof. It is agreed that a release of this deed of trust shall operate as a reassignment of all mineral rights to the Mortgagors or their assigns. The proceeds of the loan from the Federal Land Bank of Houston were used to satisfy and discharge the indebtedness to Spoonts and Eshleman. The Guaranty Title & Trust Company as administrator of the estate of James P. Luby, deceased, made annual reports to the court showing the condition of said estate and receipts and disbursements covering the years here involved, which were approved by the court. In the two reports covering the period April 30, 1936 to July 15, 1938, the notes of the Federal Land Bank of Houston were listed as additional debts and amounts owing by the estate and the amount thereof shown as indebtedness outstanding. No final accounting has ever been filed with the court by the administrator and it has never been discharged. The estate of James P. Luby has a claim to an undivided one-fourth interest in the estate of James O. Luby, deceased, father of James P. Luby, deceased, and was a party to a partition *180 proceeding pending during the taxable years in the district court of Duval County, Texas. The fiduciary returns filed for the estate for the years 1937 and 1938 show the administrator received income from various sources such as collections on notes, interest, oil and gas bonuses, rentals and royalties, government payments and land rentals, pasture and feed rent, cotton and cottonseed, vegetables, income from the estate of James O. Luby, and from the sale of real estate. In arriving at the net income of the estate, deductions were taken for interest, taxes, repairs, farm supervision, administrator's fees, premiums on administrator's bond, various other charges and expenses and distributions made to heirs. On December 28, 1938, the probate court, upon the application of the Guaranty Title & Trust Company, as administrator, and Mabel W. Luby for authority to make certain distributions out of the oil and gas royalties received by the estate, found there were funds in the hands of the administrator in excess of the amount necessary for making payment of all taxes and expenses of administration and other charges against the estate now accrued and to accrue during the next ensuing year, *181 and that the administrator will continue to receive from month to month in excess of such charges and expenses. The court approved the application and ordered distribution of all funds available after deduction has been made for all taxes, expenses of administration and other charges accrued and to accrue, and that the distributions made be charged as advances from the estate of James P. Luby, deceased. On January 16, 1939, the above order of the probate court was rescinded in certain respects on the application of certain heirs and Guaranty Title & Trust Company, as administrator, and the court in its order found that the Guaranty Title & Trust Company, administrator, had not then paid any portion of the royalties available for distribution to itself as guardian, and ordered distribution of the net sums available for distribution in accordance with such application. The Federal Land Bank of Houston received from the pipe line companies $4,380.19 in 1937 and $40,536.97 in 1938, proceeds of royalties pursuant to the provisions of the trust deeds above mentioned, and credited the same on its notes aforesaid. Some payments were also made to the Federal Land Bank from farm rents and *182 other sources. These amounts were reported by the heirs in their individual returns and the tax was paid thereon. The net estate income as shown by the returns filed was $15,792.41 for 1937 and $72,464.50 for 1938, all of which was entered in the returns and deducted as distributable to beneficiaries. The returns showed no estate income tax liability. The Commissioner made some adjustments to the net income above shown which are not here contested. He allowed as additional deductions only the amounts actually distributed each year to the heirs and computed deficiencies accordingly. Opinion The respondent determined: * * * that during the taxable years 1937 and 1938 the Estate of James P. Luby, Deceased, was still in process of administration and that all income including the oil and gas royalty income was properly includible in the income of the estate for those years, and that further in the computation of the net income of the estate a deduction is not allowable under section 162(c) of the Revenue Acts of 1936 and 1938 as the payments on the indebtedness do not represent amounts of income credited to the beneficiaries during the years in question. The petitioner alleges the *183 Commissioner erred in this determination. The Guaranty Title & Trust Company, as administrator, had not filed a final accounting with the probate court and had not been discharged. During the taxable years it made annual reports to the court as administrator showing the condition of the estate, receipts from all sources and disbursements in connection with the estate property. These reports were considered by the court and approved. As administrator, the Guaranty Title & Trust Company filed fiduciary income tax returns for the estate covering the years involved, showing receipt of income from oil royalties and various other estate sources. Deductions were claimed for repairs, administrator's fees, legal expenses, taxes, payments on notes of principal and interest, farm supervision, premiums on administrator's bond, and miscellaneous expenses. The administrator's bond was kept in effect during the taxable years, premiums paid thereon, administrator's fees paid, and some distributions made to beneficiaries. The estate had a claim to an undivided one-fourth interest in the estate of decedent's father, which had not yet been closed. As we understand petitioner's contention with reference *184 to the secured claims of Spoonts and Eshleman, it is that the court proceedings under article 3515a, Vernon's Civil Statutes of Texas Annotated, effectively eliminated such indebtedness as claims against the estate, and the Federal Land Bank notes were obligations of the heirs and not of the estate, and as all general claims had been discharged, the period of administration or settlement of the estate had to all practical purposes ended prior to the taxable years and the entire net income of the estate was taxable to the heirs. Art. 3515a, Sec. 1, Vernon's Civil Statutes of Texas Annotated, gives the holder of a secured claim an election under (a) "* * * to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved," or (b) "* * * to have the claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secures the lien, in which event it shall be so allowed and approved if it is a valid claim, provided, however, that the executor or administrator may pay said claim *185 prior to maturity if it is for the best interest of the estate to do so." On the application of Spoonts and Eshleman to have their claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness, although allowed by the administrator, it was approved by the probate court on May 7, 1934 as a claim of the 3rd class and ordered to be paid by the administrator in due course of administration, and not as a lien against the specific property securing the indebtedness and paid according to the contract securing the lien. Assuming that the proceedings under Art. 3515a with reference to the Spoonts and Eshleman indebtedness was sufficient to relieve the estate of any liability therefor, with which we do not agree, the Federal Land Bank was not a party thereto and did not waive any right to proceed against the estate in the event the property pledged was insufficient to satisfy the indebtedness to it. The finding by the probate court that it would be for the best advantage of the estate that the Spoonts and Eshleman loan be renewed and extended, and ordering the Guaranty Title & Trust Company, not as guardian of the heirs, but as administrator *186 of the estate, to execute all notes and deeds of trust necessary for the consummation of said refinancing by the Federal Land Bank of Houston, coupled with the fact that it executed the notes and trust deeds as administrator and was empowered under Texas law to pay the notes before maturity if it would be to the best interest of the estate to do so, convinces us that there was a liability on the part of the estate for the payment of the Federal Land Bank indebtedness. Upon the death of James P. Luby, his estate vested immediately in his heirs, subject, however, to the payment of decedent's debts, but upon the issuance of letters of administration the possession of the estate as it existed at decedent's death passed to the administrator in trust for the payment of debts to be disposed of in accordance with law. Art. 3314, Vernon's Civil Statutes of Texas Annotated: Kuldell v. Commissioner, 69 Fed. (2d) 739. Petitioner's contention that the duties of the Guaranty Title & Trust Company, as administrator, had ceased prior to the taxable years and it should be considered as acting in the capacity of guardian for the minors and not as administrator of the *187 estate during the taxable years is not justified from the record before us. Under the facts and circumstances the conclusion is inescapable that the Guaranty Title & Trust Company had not completed its duties as administrator and that the estate of James P. Luby, deceased, was still in process of administration during the taxable years. Cf. Estate of Annie C. Atwood, 29 B.T.A. 740; Ida Stephenson, 33 B.T.A. 252, Estate of Robert W. Harwood, 46 B.T.A. 750. Section 161 (a), Revenue Acts of 1936 and 1938, provides that "The taxes imposed by this title upon individuals shall apply to the income of estate * * * including" - * * *
(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; * * * We, therefore, hold that the income in question is includible in estate income, Barbour v. Commissioner, 89 Fed. (2d) 474; Kuldell v. Commissioner, supra. The next question is whether under section 162 (c), Revenue Acts of 1936 and 1938, the estate is entitled to a deduction of *188 $4,380.19 from 1937 income and $40,536.97 from 1938 income, being the proceeds of royalties received during such years by the Federal Land Bank and credited on the notes held by it. That subsection allows as an additional deduction, in computing the net income of an estate, the amount of the income of the estate for its taxable year which is paid or credited during such year to any legatee, heir or beneficiary. We have held that the estate was still in process of administration during the taxable years and an estate liability existed for the payment of the Federal Land Bank indebtedness. As the administrator was charged by law with the payment of estate debts and held the real estate in trust for that purpose, when it pledged the royalties and authorized the proceeds thereof to be credited on the notes held by the Federal Land Bank, it was discharging an estate liability, an obligation imposed upon administrators by law. The amounts so received by the Federal Land Bank and credited on its notes cannot be said to be amounts properly paid or credited during the taxable years to any legatee, heir or beneficiary. Neither the adult heirs nor the minors through their guardian assumed any *189 liability therefor. We therefore approve the Commissioner's determination. Decision will be entered for the respondent.