Della H. Bosworth v. Commissioner.
Bosworth v. Commissioner
Docket No. 1334.
United States Tax Court
1944 Tax Ct. Memo LEXIS 107; 3 T.C.M. (CCH) 994; T.C.M. (RIA) 44306; September 26, 1944
*107 William Lister, Esq., for the petitioner. Charles Munz, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in petitioner's income taxes for the calendar years 1937 and 1938 in the respective amounts of $3,529.38 and $2,257.81, upon the theory, challenged by petitioner in this proceeding, that petitioner is taxable upon the net income of the Estate of Charles H. Bosworth pursuant to the provisions of sections 162(b) and 22(a) of the Internal Revenue Code. The facts, as stipulated, are adopted and set forth in our findings of fact. Findings of Fact Petitioner is a resident of Evanston, Illinois, and filed her income tax returns for 1937 and 1938 with the collector of internal revenue for the first district of Illinois. She is the widow of Charles H. Bosworth, who died on February 10, 1937, and the executrix of his estate. As such executrix, she filed income tax returns for the estate covering the period February 11, 1937, to December 31, 1937, inclusive, and for the calendar year 1938, reporting net taxable income for 1937 in the amount of $15,040.39, and for 1938 in the amount of $11,648.92, and paid the taxes. The *108 period of administration of the estate extended from May 6, 1937, the date of petitioner's appointment as executrix, to January 17, 1939, during which period the total funds collected and deposited by the executrix totaled $142,900.35, and the total disbursements were $140,269.99, leaving a balance of $2,630.36, which balance, together with all the rest and residue of decedent's property was, on January 17, 1939, transferred by the executrix to the First National Bank and Trust Co. of Evanston, Illinois, as trustee under the will of the decedent. Included in the disbursements were payments in the amount of $30,000 representing the widow's award allowed to her by the Probate Court of Cook County, Illinois, pursuant to Illinois law (Ill. Rev. Stat. 1937, Chap. 3, par. 75). No payments were made or credited to petitioner by herself as executrix pursuant to any provisions of decedent's will. During the period of administration all of the cash receipts, both principal and income, collected by petitioner as executrix, were deposited by her in a separate bank account in the name of "Mrs. Della H. Bosworth, Executrix". The entire gross estate of the decedent consisted principally of securities *109 and stocks and was valued, for estate tax purposes, at $489,523.60. The will of Charles H. Bosworth, after directing the executrix to pay all of his just debts and expenses, and all valid taxes, which were specifically made a charge on the whole estate, gave to his wife all of his tangible personal property and effects. Then he devised all the rest and residue of his estate to the First National Bank and Trust Co., in trust, to pay the net income of the trust estate, quarterly or oftener, to his wife, during her life. At her death, one-half of the net income was to be paid to each of the decedent's daughters for ten years, at the end of which time the trust estate was to be divided equally between the daughters. Provision was made for the disposition of the income and estate in the event of the death of his daughters before the termination of the trust. Article IV of the will set out in some detail the "powers, discretion, and authority" conferred upon the trustee in the administration of the trust. They are provisions of the type generally to be found in such instruments and incude the following: the judgment of the trustee as to what constitutes income is to be conclusive; no *110 income or principal is to be in any manner anticipated by any beneficiary; any transfer of principal to a beneficiary may be made either in money or property, the trustee's valuation of any such property to be conclusive; all stocks or scrip dividends received to be reckoned a part of principal, not income; the trustee should collect all income, rents, and profits of the trust estate, and pay all taxes, assessments, interest, and expenses; and should have power to effectively compromise all claims and demands; as well as power to sell, convey, exchange, and, if necessary for the purpose of raising funds for taxes or for other specified purposes, to borrow money on the security of trust property; power to employ any servants, agents or attorneys; and the trustee was expressly relieved of responsibility for any loss not due to a breach of faith, and of personal liability on any contract. There was also this provision: "15. It is my intention that in all cases where any person is entitled to the income from any portion of my trust estate such person shall receive income therefrom from the date of my decease and that the first payment of said income shall be made as soon after my decease *111 as may be practicable. * * *" Article VII of the will appointed decedent's wife the executrix of the will, and provided: "I direct that all of the powers and authority hereinabove given to and conferred upon my trustee * * * with respect to my trust estate shall vest in and they are hereby given to and conferred upon my Executrix * * * with respect to my estate until the said Executrix * * * shall have been discharged as such." Petitioner was not the owner, for tax purposes, of the income of the estate during the period of administration. Opinion KERN, Judge: The respondent takes the position that petitioner is taxable on the entire net income of the estate of her deceased husband during the period of administration under section 162 (b) of the Revenue Acts of 1936 and 1938, as income currently distributable to her, and under section 22 (a) of the same Acts, on the theory that she had, as executrix, complete control of the disposition of the income of the estate and as life beneficiary was entitled at her own volition to receive the income. Respondent makes no contention that petitioner is taxable under section 162 (c) of the Revenue Acts in question. On the authority of Estate of Peter Anthony Bruner, 3 T.C. 1051 *112 we hold that petitioner is not taxable on the income of decedent's estate during the period of its administration under section 162 (b) of the Revenue Acts of 1936 and 1938. On the authority of Estate of Robert W. Harwood, 46 B.T.A. 750, we hold that petitioner is not taxable on the income of decedent's estate under section 22 (a) of the Revenue Acts of 1936 and 1938. Decision will be entered for the petitioner.